No. 53.—Jacob M. Scudder, plaintiff in error, *vs.* John B. Puckett, defendant in error.

[1.] Where S. placed a promissory note in the hands of an attorney for collection, who transferred it to P. after it was due, and S. brought an action at law against P. to recover the value of the note; and on the trial at law, failed to recover, on the ground that the Court ruled he must shew express notice to P. of S. title to the paper, which he was unable to do, and a verdict was rendered against him : *Held*, on a bill filed for new trial, on the ground of newly discovered testimony, that a Court of Equity would not interfere to grant relief, inasmuch as the newly discovered evidence was merely *cumulative* and *immaterial*, and that the appropriate remedy of the party was to have excepted to the judgment of the Court, on the trial at Law, and to have had the same reversed for error; that having acquiesced in that judgment, a Court of Equity will not interfere to grant relief.

In Equity, in Cherokee Superior Court. Decision on demurrer, by Judge Erwin. April Term, 1852.

This was a bill filed to obtain a new trial, in a cause which had been tried in the Superior Court of Cherokee County.

The bill charged, that complainant, Scudder, placed in the hands of William Daniel, a practising attorney at law, for collection, a negotiable promissory note, made by one Wm. G. Fields, for $600, due one day after date; that Daniel transferred the note, without authority, to John B. Puckett, who received it with full knowledge of the fact that Daniel had no authority to transfer it; that complainant brought suit against Puckett, for the amount of the note, and on the final trial, failed, from inability to prove that Puckett received the note with notice; that since the trial, complainant had discovered ample evidence to prove that fact—especially by one Langston Worley, "who at, and for a long time before the trial, had left the State of Georgia, and gone to parts unknown—but has lately returned to said State," so that " it was not for any want of vigilance that this testimony was not discovered."

The prayer was for a new trial. On demurrer, the Court dismissed the bill, and this decision is assigned as error.

J. W. H. UNDERWOOD, for plaintiff in error.

Jos. E. BROWN, for defendant in error.

*By the Court.*—WARNER J. delivering the opinion.

[1.] This bill was filed to obtain a new trial, in a cause which had been determined at Law, between the parties. The complainant had sued the defendant for the amount of a promissory note, which had been placed in the hands of one Daniel, for collection; and which the latter transferred to the defendant *after it became due,* without authority of the complainant, who was the true owner of the paper. According to the ruling of this Court, in *Thomas vs. Kinsey,* (8 *Geo. R.* 421,) the complainant ought to have recovered the amount of his note on the trial at Law, as the facts are stated in his bill. It was his privilege to have excepted to the decision of the Court in that case,

Scudder *vs.* Puckett.

and to have had the error corrected ; but he thought proper to acquiesce in that judgment, and we are not aware of any precedent in Equity jurisprudence, which will authorize us to interfere in his behalf. The only ground upon which the complainant seeks to be relieved, is that Langston Worley, a witness who was absent from the State, at the time of the trial, whose residence was unknown at that time, has since returned—and will prove that Puckett, the defendant, received the note with full knowledge of the fact that Daniel had no authority to transfer it. This evidence of Worley would only be *cumulative* of that which was had on the trial at Law. The note having been past due when Pucket received it from Daniel, necessarily charged him with notice; that fact of itself, was sufficient to have entitled the complainant to have recovered, upon shewing his title to the paper, as against the defendant, who purchased it from one who had no title. So far as the legal title to the note was concerned, on the trial at Law, the evidence of Worley will only establish what the law presumed the fact to have been, on that trial.

This Court held, in *Thomas vs. Kinsey*, that one who purchases a note *after it is due*, from one who has no title to it, acquires no title against the true owner.

The insuperable barrier in the way of the complainant, is that he acquiesced in the judgment of the Court on the trial at Law, and thereby lost the remedy which was open to him. A bill in Equity for a new trial, is watched with extreme jealousy. *Smith vs. Long*, 1 *John. Ch. R.* 323.

Let the judgment of the Court below be affirmed.