## CRUMMEY *v.* CRUMMEY.

HILL, J. The plaintiff in error filed a libel for divorce against the defendant in error, to the September term, 1919, of the superior court. At the March term, 1920, the plaintiff and the defendant entered into a written agreement settling the question of alimony and attorney's fees, by the terms of which the defendant was to pay plaintiff temporary and permanent alimony and attorney's fees in the sum of $1000, to be paid as follows: $500 cash and a note payable to plaintiff due October 15, 1920, for the sum of $500. This agreement was not made the order of the court at the March term, 1920. A verdict and decree were rendered June 21, 1920, granting a total divorce between the parties; but no verdict or judgment for alimony was taken, and no exception was taken to the verdict and decree as rendered. Subsequently the plaintiff in error filed a petition in the superior court against the defendant, praying that he show cause before the court and judge thereof why the defendant should not pay the sum of $500 with interest from March, 22, 1920, at 8 per cent. per annum until date of payment, the defendant having failed to pay the deferred payment of $500. This petition was sworn to on April 1, 1921. On April 2, 1921, the judge passed an order nisi, requiring the defendant to show cause on April 6, 1921, why he should not pay to the plaintiff the sum of $500 with interest. The defendant filed a demurrer to this petition, first, because there

was no proper party plaintiff to the cause, the plaintiff having been granted a total divorce at the June term, 1920, of the court; and second, for the reason that the court was without jurisdiction to open said judgment, the same being closed by a verdict and decree of total divorce between the parties, found and rendered at the June term, 1920. The defendant also answered the petition, denying the material allegations, and averring that the contract entered into was not a court contract, but was a private agreement entered into between the plaintiff and the defendant. The court passed a nunc pro tunc order as of September term, 1920, of the superior court, reciting that a written agreement was entered into between the parties at the March term, 1920, settling the question of temporary and permanent alimony and attorney's fees, and that through inadvertence the written agreement was not made the judgment of the court; and ordering that the agreement be made the judgment of the court nunc pro tunc, and that the clerk of the court enter the agreement on the minutes of the court together with the order. Subsequently to the granting of the nunc pro tunc order the defendant moved the court to set it aside on various grounds, among others, that the defendant had not had his day in court with reference to the judgment for alimony, and that the contract between the plaintiff and defendant was a full settlement in lieu of alimony, and that the plaintiff is now estopped from proceeding against him for alimony, and that it was never agreed in open court between the parties that the agreement should be made the decree of the court, but that it was an independent private agreement between the parties in lieu of alimony, etc. On consideration the court sustained the motion; to which judgment the plaintiff excepted. *Held*:

1. The court did not err in sustaining the motion and setting aside the nunc pro tunc order requiring the defendant to pay the plaintiff alimony.

2. The decree granting a total divorce between the parties to the case, which was not excepted to, could not be amended subsequently by a nunc pro tunc order, an inspection of the record showing nothing there to authorize such amendment, and parol proof can not furnish a ground of amendment not in the record. *Dixon* v. *Mason*, 68 *Ga.* 478 (2); *Richards* v. *McHan*, 139 *Ga.* 37 (3), 39 (76 S. E. 382); *Rice* v. *Farmers Bank of Bowman*, 149 *Ga.* 530 (101 S. E. 178); 1 Black on Judgments, § 154.

*Judgment affirmed. All the Justices concur.*

No. 2667. FEBRUARY 15, 1922.

Alimony, etc.    Before Judge Gower.    Wilcox superior court. May 2, 1921.

*H. E. Coates,* for plaintiff.    *Hodges & Land,* for defendant.