## GULF REFINING COMPANY *v.* SMITH *et al*.

1. On the previous appearance of this case in this court (.162 *Ga.* 191) it was held' that the recitals from the deed "It is agreed . . that J. F. Posey is to use the Standard Oil Company's gas and oil as long as said G. C. Smith acts as agent for said company and the prices of same are in accord with other gas and oils," was not a mere personal covenant ·but was a covenant running with the land. Upon the trial now under review the defendant filed a motion to dismiss, which was properly overruled by the court.

(*a*) The covenant in the deed was not too vague, indefinite, or uncertain to be capable of enforcement.

(*b*) It is not contrary to public policy as being a contract in restraint of trade.

(*c*) The contract does not tend to defeat or lessen competition.

(*d*) In the circumstances and from the nature of·the case, the word "use" employed in the stipulation can not be otherwise construed than as an agreement not to sell other than Standard Oil products. A sale is one of the uses to which property can be subjected. As relating to one's· possession, the word "use" includes every purpose for which such property may be used. In.the present case it appears that the property had been previously used for selling and dispensing oils and gasoline and for nothing else, and that it was in the contemplation of the parties that the use of the premises was to be the same as it had been in the past.

2. The evidence was sufficient to support the verdict.

3. While the testimony.to which exception is taken in the fourth ground of the motion for new trial was subject to objection as irrelevant, it was not harmful or prejudicial.

4. Value may always be proved by opinionative evidence. In its essence "value" is exclusively a matter of opinion even though the opinion expressed be a fact. Evidence of value is not to be excluded merely because the valuation fixed by the witness as a matter of opinion may depend upon hearsay. An objection based upon· the latter ground goes to the weight but not to the admissibility of the testimony.

5, 6. For the reasons stated in the foregoing headnote, it was not error to permit a witness to testify that "the prices of gas and oil products of the Standard Oil Company are in accord with the gas and oil of

Appeal and Error, 3 C. J. p. 545, n. 75; p. 900, n. 96; p. 902, n. 5; 4 C. J. p. 969, n. 56.

Contracts, 13 C. J. p. 472, n. 57; p. 480, n. 8; p. 486, n. 59; p. 487, n. 61.

Covenants, 15 C. J. p. 1251, n. 68, 72.

Evidence, 22 C. J. p. 215, n. 47; p. 528, n. 25; p. 545, n. 45, 52; p. 573, n. 34; p. 574, n. 35; p. 577, n. 67; p. 731, n. 83.

New Trial, 29 Cyc. p. 786, n. 87.

Pleading, 31 Cyc. p. 657, n. 1.

Specific Performance, 36 Cyc. p. 588, n. 76.

Trial, 38 Cyc. p. 1693, n. 55, 57, 58; p. 1695, n. 61; p. 1696, n. 64; p. 1778, n. 72, 73; p. 1779, n. 75.

Use, 39 Cyc. p. 845, n. 73.

other companies," nor did the court err in failing to exclude the same upon motion.

7. A witness who has been for several years engaged in a particular business may be permitted to swear to a custom of such business, and in some instances may base an opinion, for whatever it may be worth, upon his knowledge of that custom.

8. The tenth, eleventh, and twelfth grounds embody complaints that the verdict is contrary to the evidence, and are controlled by the ruling upon the general ground "that the verdict is contrary to the evidence."

9. The charge of the court of which complaint is made in the thirteenth ground of the motion, when viewed in connection with its context and the charge as a whole, is free from error assigned upon the ground that it was an intimation of an opinion upon the part of the court.

10. The charge of the court, while very brief, was a clear and concise statement of the law applicable to every issue in the case, and for that reason the exceptions in the fourteenth, sixteenth, seventeenth, and eighteenth grounds of the motion for a new trial are not meritorious. The fifteenth ground will be treated as abandoned, not being referred to in the brief.

11. The exception to the charge contained in the nineteenth ground, that the court erred in its charge, "in that it did not give the law in the case, as it failed to cover the substantial issues made by the evidence and pleadings in the case," is too indefinite to precisely present any specific issue of law, so as to enable this court to determine wherein the error consisted. The charge did not fail to cover the substantial issues in the case.

12. The court did not err, as against the Gulf Refining Company, in striking the name of Posey from the decree granting an injunction, inasmuch as there was in the petition no prayer for an injunction against Posey nor any evidence authorizing the finding of the verdict as to him.

No. 5746. September 19, 1927.

Equitable petition. Before John B. Guerry, judge pro hac vice. Taylor superior court. November 6, 1926.

*C. W. Foy* and *Troutman & Troutman,* for plaintiff in error.

*Jere M. Moore,* contra.

Russell, C. J. 1. This is the second appearance of this case in this court, the deed and covenant now before us having been the subject of the adjudication in *Smith* v. *Gulf Refining Co.,* 162 *Ga.* 191 (134 S. E. 446). At that time this court held that the recital "It is agreed with the parties hereto that the said J. F. Posey is to use the Standard Oil Co. gas and oil as long as the said G. C. Smith acts as agent for said company and the prices of same are in accord with other gasoline and oils," embodied in the deed from G. C. Smith to J. F. Posey, was a covenant running with the land, and not a mere personal covenant. Mr. Presiding Justice Beck, speaking for the court, after quoting one of the rules

laid down in Spencer's case, 5 Coke 16, held, as to the covenant contained in the deed from Smith to Posey, that "it relates directly to the interest in the property conveyed and the mode of the enjoyment of the estate. It has a relation to the interest or estate granted and the acts to be done concerning the interest created or conveyed. Evidently the intention of the parties to the deed was that for the term specified the products of a certain company should be sold there—the products of a company in which the grantor had an interest, and it is inferable that he would not have conveyed the property to the grantee without the protection which rests upon the stipulation against the sale of the products of any other company than that named. Having reached the conclusion that the covenant which we have pointed out was a covenant running with the land, the plaintiff was entitled to an injunction against the violation of the covenant, in view of the other allegations in the petition. *Rosen* v. *Wolff*, 152 *Ga.* 578 (110 S. E. 877)."

Upon the return of the remittitur to the superior court the defendant made a motion to dismiss the petition, upon the following grounds: (a) Because the covenant in the deed upon which the plaintiff relied for injunction was void and unenforceable, because too vague, indefinite, and uncertain to be capable to enforcement. (b) Because the covenant is illegal and void, in that it is contrary to public policy, because it was a contract in restraint of trade. (c) The covenant was illegal and void, for the reason that it had the effect and was intended to have the effect of defeating and lessening competition. It is insisted by counsel for the plaintiff in error that "(a) The parties failed to agree where or in what territory, or upon what premises Posey agreed to use the Standard Oil Company's gas and oil. (b) The covenant states that ' Posey was to use ' Standard Oil Company's gas and oils. The parties did not state that Posey was to sell the Standard Oil Company's gas and oils, but was merely to 'use' the same. The use was not restricted to the premises sold by Smith to Posey, or to any other territory. (c) It does not appear from the covenant, in what capacity Smith was to act as agent of the Standard Oil Company, or in what territory. The covenant simply provides that Posey was to use the Standard oil so long as Smith acts as agent for the company. Agent in what territory? And what sort of agency? The time is unlimited. The territory is unlimited. The

position of Smith with the Standard Oil Company is unlimited. (d) And furthermore that the prices of the same (meaning Standard Oil Company) are in accord with other gas and oils. Prices at what point or place? The covenant does not state that only so long as the prices on this particular station are the same. It might well be said that if the Standard Oil Company's prices were the same as the companies dealing in Mexico, then Posey would have to use only the Standard Oil Company's products. Furthermore, it does not provide what other oils and gas must be at the same price of the Standard Oil Company's."

As to the contention (a) that the parties failed to agree where or in what territory, etc., Posey agreed to use the Standard Oil Company's gas and oil, it seems plain to us that under the terms of the covenant he agreed not to use other gas and oils anywhere, no matter where such premises or territory might be located. The use could have been restricted by confining it to particular territory; but a general agreement not to do a certain thing, without further limitation, imposes an obligation not to do the proscribed act anywhere. (b) It is very ingenuously argued that an agreement not to use any oil other than that of the Standard Oil Company is not equivalent to an agreement not to sell the oil of other producers or dealers. In the circumstances and from the nature of the case, the language of the stipulation can not be otherwise construed than as an agreement not to sell other than Standard Oil products. A sale is one of the uses to which property can be subjected. As relating to one's possession, the word "use" includes every purpose for which such property may be used, and when it is considered that in the present case the property had been used for selling and dispensing oils and gasoline and for nothing else, and that it was in the contemplation of both parties that the use of the premises in the future was to be the same as it had been in the past, it is apparent that there is no merit in the contention that the agreement was restricted to such gas and oil only as Posey might need for his personal use, when it is evident that the purpose of Posey was to use the station as it had theretofore been used,—for selling oils and gasoline, and that Smith, as the agent of the Standard Oil Company, while he would be but little interested in the amount of gas and oil that one individual, Posey, for instance, might need for his personal use, was no doubt intending to preserve a much

more considerable interest in retaining all the customers that might buy gas and oil from Posey or any other occupant of the filling-station which Smith had established.

(c) It is insisted that it does not appear from the covenant in what capacity Smith was to act as the agent of the Standard Oil Company or in what territory. The covenant extended as long as Smith was the agent of the Standard Oil Company. In other words, the life of the agreement was contingent upon the duration of Smith's agency, but it can not for this reason be said to be indefinite any more than a fee in remainder can be said to be indefinite because it does not become effective until the death of a life-tenant, or that an estate described as a life-tenancy is indefinite because it can not be stated with certainty when it will be terminated by the death of the life-tenant. The point can not be more strongly stated for the plaintiff in error than to say that the duration of Smith's agency is uncertain. It does not follow from this, however, that there is anything vague about the promise to purchase the products of the Standard Oil Company as long as he is agent. (d) The exception presented in this ground of the motion to strike is based upon the contention that the covenant does not state that only so long as the prices at this particular station are the same. As said in the brief, "it might well be said that if the Standard Oil Company's prices were the same as the companies dealing in Mexico, then Posey would have to use only the Standard Oil Company's products." This contention is without merit, because the covenant is part of a deed in which the premises from which gas and oil are to be sold is fully described as located in Butler, Taylor County, Georgia, and therefore can have reference to nothing except the prevailing prices at which gas and oil can be purchased by dealers for delivery in the town of Butler. We have dealt somewhat at length with the contentions presented by the motion to strike, because the action of the lower court in overruling the motion was warranted even if he had considered the motion to strike as the equivalent of a general demurrer (as counsel for plaintiff in error do) consisting of several grounds presented together. However, upon making a separate analysis of each of the prongs of the motion to dismiss, we are clear in the opinion that each of the subdivisions is at least nothing more than a mere special demurrer, and therefore, not having been filed at the

appearance term, all of them came too late. The joinder of any number of special demurrers does not necessarily create a general demurrer. The second ground of the motion to dismiss is predicated upon the ground that the covenant is contrary to public policy and to the laws of the State of Georgia, in that it was a contract and agreement in restraint of trade. Without entering at this time into a discussion or definition of the meaning of the term "in restraint of trade," upon which much has been written, and with which this court has somewhat recently dealt in *Morris-Forrester Oil Co.* v. *Taylor,* 158 *Ga.* 201 (122 S. E. 680), and *Hood* v. *Legg,* 160 *Ga.* 620 (128 S. E. 891), it is sufficient to say that the court did not err in overruling this ground of the motion to dismiss, because the covenant places no requirement upon Posey or his assigns to purchase either gas or oil from the Standard Oil Company unless the prices are in accord with other companies. In other words, the covenant permitted the purchase of gas and oil at the lowest prevailing price at which it could be delivered to the location fixed by the deed. For the same reason the covenant is not illegal or void because it had the effect or was intended to have the effect of defeating or lessening competition.

2. In the motion for a new trial it is insisted that the verdict was without evidence to support it, for the reason that there was no evidence to show that Posey or the Gulf Refining Company had violated the agreement. A review of the evidence upon this point discloses that there is sufficient evidence, both direct and circumstantial, to support the verdict; and for this reason it is immaterial that there was also testimony to the effect that the Gulf Refining Company did not operate the station known as the City Service Station. It is true that there is also evidence to the effect that the Gulf Refining Company has, since the beginning of this action, moved its tanks upon an adjacent piece of property and is now delivering oil at a point a few feet away from the location of the tanks at the time this action was instituted. Nevertheless, as just stated, the evidence showed that some agents or employees of the Gulf Refining Company were using, either for sale or for gratuitous distribution, the products of the Gulf Refining Company,—gas and oil not obtained from the Standard Oil Company. Whether the method of use was for profit or gratuitous, the violation of the covenant in either event would be equally injurious to Smith as

the agent of the Standard Oil Company, because such "use" would debar Smith from receiving commissions which he would have earned had the distribution of Standard Oil Company's products been the "use" to which the premises were subjected as required by the covenant. It is argued that there is no proof in the record that any one authorized to act for the Gulf Refining Company used these premises in violation of the covenant; and that since a corporation acts only through agents, evidence should have been adduced in proof of the agency on the part of those delivering oil and gasoline from the premises conveyed by Smith's deed. We think the testimony was sufficient to authorize the jury to conclude that the persons who for over one year after the purchase of the Gulf Refining Company were engaged in delivering the products of the Gulf Refining Company from the plant purchased by it were its agents and servants, rather than that this delivery was being carried on without the knowledge or consent of the Gulf Refining Company,—upon the assumption that after having expended $3000 in the purchase of the property that company had abandoned it.

3. In the fourth ground of the motion for a new trial complaint is made that the court permitted the witness G. C. Smith to swear that the filling-station in question was of the value of $5000, over the objection that this testimony was irrelevant and immaterial. It seems to us that this was a valid objection. The value of the premises could not illustrate the issue as to a breach of the covenant in the deed. But it is so immaterial that we can not say that the admission of the evidence was harmful or prejudicial to the plaintiff in error. The irrelevancy of this testimony must be assumed to have been so obvious that its admission would not warrant the grant of a new trial.

4. In ground number five of the amended motion it is complained that the witness Smith was permitted to testify that the Gulf Refining Company "sells its oils the same to its dealers here as the Standard Oil Company sells theirs," the witness having further stated that his knowledge depended on what the dealers told him. Value may always be proved by opinionative evidence. In fact, value in its essence is exclusively a matter of opinion, even though the opinion expressed be a fact. Evidence of value is not to be excluded merely because the valuation fixed by a witness as a matter of opinion depends at last upon hearsay. In other words,

52

the testimony of a witness who expresses his valuation of an article is not to be excluded because that opinion has been formed and is more or less dependent upon the opinions of others communicated to the witness.

5.   The defendant objected to the affirmative answer of the witness Smith to the question, "Are the prices of gas and oil products of the Standard Oil Company in accord with the gas and oil of other companies?"   Considering the question and answer together, the objection that the answer was a mere conclusion of the witness is not sustained.   The testimony was admissible, and not calculated to mislead the jury.   The fact to which the witness testified is one which could rest in the knowledge of the witness, and his answer properly construed was an assertion that he knew that "the prices of gas and oil products of the Standard Oil Company are in accord with the gas and oil of other companies."   If a witness knows as a fact that all the cotton-buyers in a given market are offering the same price for the staple, he can testify to that effect as a fact, and it is not a mere conclusion.

6.   The defendant moved to exclude the testimony referred to in the sixth ground of the motion for a new trial, with which we have just dealt; but, for the reasons given in the preceding division, the court did not err in permitting the testimony to remain before the jury.

7.   It is insisted that the court erred in permitting the witness to testify, in response to the question, "On what do you base the statement that the oils of the Standard Oil Company and the Gulf Refining Company and the Texas Company or any others in Butler, Georgia, were the same throughout the life of this contract?" that "It is generally understood from the business that the prices are in line, or else I would not be able to sell oil to these people," over the objection that it was not competent for the witness to testify what was understood, as the same was hearsay and calculated to mislead the jury.   There is no merit in this exception.   It appears from the evidence that the plaintiff Smith, the witness, had been for several years in the business of selling gasoline and oils, and it appears from the record that he had testified that it was one of the customs of this business that whenever one of the oil companies cut the prices or raised the same its competitors, if not immediately, within a very short period of time would follow suit.

8. In view of the foregoing ruling it was not error to admit the testimony of G. C. Smith, to the effect that the same grade of lubricating oil brings practically the same price—practically in accord with other like gasoline and oil companies, and that the Standard Oil Company's prices are in accord with other companies. For reasons already stated, this testimony was a statement of a fact if the witness knew the scale of prices of the Standard and other companies referred to, and the answer was not a mere conclusion of the witness, nor calculated to mislead the jury.

9. The tenth, eleventh, and twelfth grounds of the amended motion embody complaints that the verdict was contrary to the evidence in the respect pointed out in each of these three grounds; but they are controlled by our general ruling that the evidence in the case was sufficient to support the finding of the jury. In the tenth ground it is said to be insufficient for the reason that it was not shown that any agent of the Gulf Refining Company violated the covenant, and presents the same point as already ruled in the second division of the opinion. The complaint in ground eleven is that there was no evidence to show that Posey ever violated the covenant. It was not necessary for the plaintiff to show that Posey had violated the covenant. If the evidence showed that the Gulf Refining Company, as a grantee of Posey, breached the covenant, that would be sufficient. Furthermore, Posey has not excepted to the judgment in this case. We have already adverted to the unreasonableness of having the jury to suppose that all the gasoline and oil discharged and delivered from the filling-station was not the property of the Gulf Refining Company and/or was distributed without its knowledge, consent, or authority.

10. In the thirteenth ground complaint is made that the court erred in charging the jury in such a way that they could find "a verdict against these defendants if 'there was a violation of the terms of that contract' by any person whatsoever, whether connected with the defendants or either of them." We do not think that this assignment of error is sustained. The charge of which complaint is made is as follows: "I charge you with respect to this, that this is a covenant running with the land, and that all grantees of J. F. Posey take this subject to this covenant as laid down in the deed from G. C. Smith to J. F. Posey; that under the terms of that covenant, so long as G. C. Smith is the agent of the

Standard Oil Company and so long as he sells oil and gas in accord with other gas and oils, then no other gas or oil may be sold in this station. Now you look to the evidence with respect to that, and see whether or not there has been a compliance with the terms of that contract, or whether or not there has been a violation of the terms of that contract." It is incomprehensible to us that a jury of ordinary intelligence would go outside the evidence to find that Posey or the Gulf Company could be liable for sales made by persons without their knowledge or consent. And the judge uses the language, then "no other oil or gas may be sold in this station," simply with reference to the deed which was before the jury; and he properly construed the covenant for the jury when he said that under that deed as long as Smith was the agent of the Standard Oil Company no other oil or gas could legally be sold. But this statement was by no means equivalent to even an intimation that either the Gulf Refining Company or Posey could be held responsible for sales which they neither countenanced nor authorized.

11. Complaint is made in the fourteenth ground that the court erred in failing to instruct the jury that before they would be authorized to find a verdict in favor of the injunction, it must appear from the evidence that the defendants violated the covenant in the deed from Smith to Posey; and in the fifteenth ground complaint is made that the court failed to charge the jury that before the plaintiff would be entitled to an injunction against Posey it must appear by a preponderance of the evidence that he had breached or violated the covenant in the deed, and that there is no evidence in the record to show that he had done so. As to the complaint in the fourteenth ground, it appears that while the court did not use the precise language suggested by the exception, the instruction actually given was more favorable to the plaintiff in error. Upon this point the court instructed the jury: "In the event you find that the plaintiff has not carried the burden, has not satisfied your minds to a moral and reasonable certainty by a preponderance of the testimony, then it would be your duty to find in favor of the defendants, and your verdict should be generally 'We, the jury, find in favor of the defendants.'" The court not only told them they could not find for the plaintiff unless he had established his case by a preponderance of the testimony, "and that testimony has not been rebutted or overcome," but he told them that it was their

duty to find for the defendants unless the plaintiff "carried the burden" and satisfied their minds to a moral and reasonable certainty by a preponderance of the testimony. Without regard to the original merit of the assignment of error in the fifteenth ground, since the decree was amended by striking the defendant Posey, and furthermore he does not appear as plaintiff in error here, his original codefendant is not empowered to make complaint in behalf of Posey as to an error by which the Gulf Refining Company can not be affected.

12. In the sixteenth ground complaint is made that the court did not instruct the jury "that before the plaintiff would be entitled to an injunction against the defendant, the Gulf Refining Company, it must appear by a preponderance of the evidence that said company, acting through some of its duly authorized agents, had breached the covenant in the deed from Smith to Posey, or was violating same as contended by plaintiff." In the seventeenth ground the movant contends that the court erred because he failed to charge the jury that the burden of proof on the issue in the case was on the plaintiff, and that before the plaintiff would be entitled to the injunction prayed for, he must prove by a legal preponderance of the evidence that the defendant had violated the covenant in the deed from Smith to Posey. We have already dealt with these two exceptions in what was said as to grounds fourteen and fifteen.

13. In the eighteenth ground complaint is made that the court erred in failing to charge the jury on the contentions of the defendants, alleging that the only reference to the defense in the charge of the court was "The defendants come in and enter a plea which amounts to a general denial of the statements as made." It is true that the court did not anywhere in the charge state to the jury in that particular phraseology, that, before the plaintiff would be entitled to the injunction prayed for, the jury must find that the defendants had violated or were violating the covenant in said deed; but though the instructions of the court are brief, the jury could not fail to apprehend from the language used, and some of which has been quoted in the course of this opinion, that they were to be controlled by the principle referred to in the assignment of error. No doubt had a timely request for instruction been preferred in the language employed in this assignment of error, the

trial judge would have given this instruction; but in the absence of a request, we hold the instructions as given to be sufficient.

14.  In the nineteenth ground exception is made that the court erred in its charge, "in that it did not give the law in the case, as it failed to cover the substantial issues made by the evidence and the pleadings in the case." This exception is too indefinite to present any precise issue of law, so as to enable us to determine wherein the error of the court below consisted. As to the contention that it failed to cover the substantial issues in the case, we are satisfied that the exception is without merit.

*Judgment affirmed. All the Justices concur.*