JONES *v.* WHITEHEAD.

HINES, J. 1. The motion to dismiss the writ of error is without merit, and is denied.

2. A judgment may be amended by order of the court, in conformity to the verdict upon which it is predicated. Civil Code (1910), § 5698; *Rucker* v. *Williams,* 129 *Ga.* 828 (60 S. E. 155); *Segers* v. *Williams,* 147 *Ga.* 146 (93 S. E. 81); *Robinson* v. *Vickers,* 160 *Ga.* 362 (127 S. E. 849).

3. A judgment may be so amended after the term in which it is entered. *Irby* v. *Brown*, 59 *Ga.* 596; *Rucker* v. *Williams, Segers* v. *Williams,* supra.

4. A motion to reform a judgment so as to make it conform with the verdict on which it is predicated is in essence a motion to amend a judgment.

5. A judgment must be amended by an inspection of the record, including the verdict and the pleadings; and parol proof can not afford a ground of amendment. *Dixon* v. *Mason*, 68 *Ga.* 478; *Rice* v. *Farmers Bank,* 149 *Ga.* 530 (101 S. E. 178); *Crummey* v. *Crummey,* 152 *Ga.* 627 (2) (110 S. E. 891).

6. The jury in their verdict found that the plaintiff "is entitled to a strip of land eighteen (18) feet wide along the north side of the right of way of the Central of Ga. R. R., and the right of way of the Central of Ga. R. R. is determined by the point at the bottom of the brick buttress where the brick buttress joins the sidewalk." In the judgment entered upon this verdict it is adjudged that the right of way of the railroad extends "to the bottom edge of the embankment as it now exists, and is determined by the point at the bottom of the brick buttress where" it "joins the sidewalk." The undisputed evidence discloses that to follow the bottom edge of the embankment of the railroad would cause a very sharp curve in the boundary between the right of way of the railroad and the strip of land awarded the plaintiff at a point five or six feet immediately after leaving the bottom of the brick buttress where it joins the sidewalk, and would take five or six feet of the defendant's land after he had moved his house back three feet and six inches, and that said boundary line run to conform to the bottom edge of the embankment of the railroad would be very irregular and crooked; whereas, if said boundary was run at the right of way of the railroad as determined by the verdict, it would not cut into or take any of the lot of the defendant. If the verdict had been generally in favor of the plaintiff, the judgment entered would have conformed to the verdict construed in the light of the petition of the plaintiff; but as the jury found a special verdict in favor of the plaintiff, that is, that she was entitled to a strip of land eighteen feet wide on the north side of the right of way of the Central Railroad and fixed this right of way at a point where the brick buttress joins the sidewalk, the judgment, fixing the right of way of the railroad at the bottom edge of the embankment as it now exists, enlarged upon the verdict and should be so amended as to conform to the verdict. *Segers* v. *Williams,* supra.

*Judgment reversed. All the Justices concur.*

No. 6833. FEBRUARY 15, 1929.

852

*R. D. Feagin* and *E. W. Tipton,* for plaintiff in error.
*Smith & Smith,* contra.