30921. BETTS *v.* MATHEWS.

Decided July 12, 1945.

*McDonald & McDonald, E. C. Collins,* for plaintiff.
*R. D. Smith,* for defendant.

FELTON, J. The court erred in overruling the demurrer to the petition to amend the judgment and in amending it for two reasons. The Code, § 107-209, provides: "When the plaintiff in a trover suit has replevied the property and, on the trial of the case, fails to recover or dismisses his petition, the defendant, instead of suing on the replevy bond, may recover the property and its hire, or the sworn value placed upon the property in the petition." It nowhere appears in this case that the defendant elected to take a verdict for the sworn value placed upon the property in the petition. The verdict was for the defendant for some of the property, and the presumption is that he so elected to take the property. If he did not so elect before judgment he waived his right by not speaking and having the verdict corrected before the jury dispersed. In the second place, even if the defendant had elected to take a money verdict for the value alleged by the plaintiff, he would not be entitled to it for the reason that in his sworn petition the plaintiff did not allege the separate value of the property recovered by the defendant and the jury made no finding as to its value. Authority for the converse of this proposition may be found in *Gatlin* v. *Mathews,* 16 *Ga. App.* 645 (85 S. E. 953). The Code

section, above cited, does not provide that a verdict may be taken for the value of the property as testified to by the plaintiff, especially by implication, as here. The court therefore went outside of the record for a fact upon which the amendment order is based, to wit, the value of the property recovered by the defendant. The court was not authorized to conclude that, because the plaintiff alleged that all of the property was worth $1800, and because the plaintiff swore that the property he recovered was worth $600, the petition alleged that the property recovered by the plaintiff was worth $1200; because the jury was not required to so find, and did not so find. If the jury had found the property recovered by the plaintiff to be $600, a different question would be presented. The amended judgment does not conform to the verdict, and the court erred in overruling the demurrer to the petition to amend and in amending the judgment. As to the authority of the court to amend judgments, see the Code, § 110-311; *Crummey* v. *Crummey*, 152 *Ga.* 627 (110 S. E. 891); *Rice* v. *Farmers Bank of Bowman*, 149 *Ga.* 530 (101 S. E. 178); *Jones* v. *Whitehead*, 167 *Ga.* 848 (146 S. E. 768), and cit.

*Judgment reversed.* *Sutton, P. J., and Parker, J., concur.*