## KIRKLAND v. KIRKLAND.

No. 15472.   JULY 2, 1946.

874

*Dykes & Dykes,* for plaintiff in error.   *R. L. Maynard,* contra.

HEAD, Justice.   (After stating the foregoing facts.)   Counsel for L. W. Kirkland, the plaintiff in error, contends that the final verdict of the jury, and the decree thereon, allowed the wife $15 per month alimony, and that the trial court erred in refusing to modify a subsequent judgment fixing alimony at $25 per month. The verdict, rendered on May 25, 1942, granted alimony to the

wife and four minor children in the sum of $75 per month, to be reduced $15 per month as each child should leave, die, or become of age. The verdict was made the judgment of the court, with the stipulation that the judgment would be subject to revision by written agreement of the parties. On August 12, 1943, on application of the father, custody of the minor children was awarded to him. It is alleged by Mrs. Kirkland that she was awarded alimony of $25 per month on October 12, 1943. The trial judge in the order here excepted to recites that there was an adjustment in alimony for the wife based on a change of custody, awarding the children to the plaintiff in error. Counsel for Mrs. Kirkland, in his brief, contends that the judgment fixing alimony for her of $25 per month was entered after the change in custody and on the application of Kirkland. While the revised judgment of October 12, 1943, does not appear to have been before the trial court (nor is it a part of the record here), the contention of Mrs. Kirkland as to the time it was entered is not disputed either by counsel for Kirkland, or such record as is before this court. Nor is there anything to contradict the contention of counsel for Mrs. Kirkland that the amended or revised judgment was entered on the application and at the instance of the plaintiff in error.

Authorities cited by counsel for the plaintiff in error to support his contention that the trial judge could not amend the original judgment rendered on the verdict of the jury are cited in *Torras* v. *McDonald,* 196 *Ga.* 350 (26 S. E. 2d, 598), where the rule is stated: " 'After the termination of a suit for permanent alimony and the rendition of a final decree therein, not excepted to, the decree allowing alimony passes beyond the discretionary control of the trial judge; and he has then no authority either to abrogate it or to modify its terms, *unless the power to do so is reserved in the decree.'* [Italics supplied.] *Wilkins* v. *Wilkins,* 146 *Ga.* 382 (91 S. E. 415) ; *Coffee* v. *Coffee,* 101 *Ga.* 787 (28 S. E. 977) ; *Woodall* v. *Woodall,* 147 *Ga.* 676 (95 S. E. 233) ; *Gilbert* v. *Gilbert,* 151 *Ga.* 520 (107 S. E. 490) ; *Henderson* v. *Henderson,* 170 *Ga.* 457 (153 S. E. 182) ; *Hardy* v. *Pennington,* 187 *Ga.* 523 (1 S. E. 2d, 667)."

In the present case, the court reserved the right to amend the final decree by consent of the parties, so the authorities cited and relied upon by the plaintiff in error are in accord with the court's position that it could amend the decree after awarding custody of

the minor children to the father on his application for such custody. Since the amended judgment fixing alimony at $25 per month was not offered in evidence, for inspection by the trial court, and is not in the record before this court, we cannot determine whether or not Kirkland consented to the order fixing alimony at $25 per month, but it may be implied that he did consent, for it appears that he complied with this order for approximately 18 months.

Acquiescence by a party in a judgment will bar a subsequent proceeding to modify such judgment, where no sufficient cause is shown for the failure to plead the defense now urged, which was available to the party at the time the original judgment sought to be modified was rendered. *Scudder* v. *Puckett,* 12 *Ga.* 337; *Taylor* v. *Sutton,* 15 *Ga.* 106 (60 Am. D. 682); *Mullins* v. *Christopher,* 36 *Ga.* 586; *East Tenn. &c. Ry. Co.* v. *Greene,* 95 *Ga.* 35 (22 S. E. 36). In *Mullins* v. *Christopher,* supra, it was said, "If a party have a good defense at law, and from negligence fail to set it up at the proper time, he must take the consequences of his own laches." Having acquiesced in the amended judgment for some 18 months, the plaintiff in error cannot now complain of the court's refusal to modify the same. If the plaintiff in error did not actually consent to the judgment fixing alimony for the wife at $25 per month, he is now barred by his own laches from complaining.

Kirkland brought a petition contending that he should be awarded custody of his minor children. This petition was allowed, and out of the proceeding grew the amended judgment now complained of. In *Butler* v. *Tifton &c. Ry. Co.,* 121 *Ga.* 821 (49 S. E. 763), it was held: "Having secured a judgment sustaining their position, the railway company must be held bound by the ruling which it invoked, and by the judgment in its favor which it secured." See also *Brown* v. *State,* 109 *Ga.* 571 (34 S. E. 1031), and *Papworth* v. *Fitzgerald,* 111 *Ga.* 55 (36 S. E. 311). The plaintiff in error here invoked the judgment and procured the court's order that he was entitled to custody of the children, and it further appears that it was on his own application that the amended judgment as to alimony here complained of was rendered. He is bound by the judgment he invoked, which was favorable to him.

Furthermore, the plaintiff in error cannot have a judgment revised or amended which is not offered for inspection, and is not

before the court. *Crummey* v. *Crummey,* 152 *Ga.* 628 (110 S. E. 891) ; *Jones* v. *Whitehead,* 167 *Ga.* 849 (146 S. E. 768).

*Judgment affirmed. All the Justices concur.*