34738. GRAHAM *et al. v.* HARPER.

</div>

CARLISLE, J. On February 13, 1951, Aubrey Harper, as the holder of a certain mortgage note made by Sanford Graham on a certain Ford truck, brought foreclosure proceedings in the City Court of Douglas and the sheriff of the county on that date levied on the vehicle. On February 14, 1951, Graham interposed his affidavit of illegality and filed a proper forthcoming bond with Albert Caves as surety. The cause came on for trial at its regularly assigned time on February 23, 1953. Graham was not present in court on the date of the trial, as he had not received notice of the time of the trial and his counsel had no information upon which to base a motion for continuance. The trial court thereupon, although there was no traverse of the affidavit of illegality or written joining of issue, directed a verdict for the plaintiff in fi. fa. against the defendant in fi. fa. and his surety for the unpaid balance of the note plus interest. At the succeeding term of the court, the defendant in fi. fa. filed an extraordinary motion for new trial upon the ground that, since he was a resident of Florida and his duties took him away from his home from before February 17, 1953, until March 21, 1953, he did not personally receive notice of the approaching February term of the court until after the case had been disposed of by the court. A rule nisi was served upon the plaintiff in fi. fa. to show cause why the motion should not be granted, and on April 23, 1953, after hearing, the trial court denied the motion, and the defendant in fi. fa. has appealed to this court for a review of that judgment.

The question of whether the judgment could or should be set aside upon a proper motion for that purpose is not presented by the present extraordinary motion for a new trial; but, in the absence of any showing of an abuse of its discretion, the trial court's judgment refusing the extraordinary motion will not be disturbed, where such motion is based on the movant's alleged failure to receive notice of the approaching term of court, of the time of which it was his duty to keep himself

764

apprised under the circumstances in this case. *Colwell v. State,* 46 *Ga. App.* 55 (166 S. E. 445), and citations.

> *Judgment affirmed. Gardner, P.J., and Townsend, J., concur.*
> Decided September 19, 1953.

*R. A. Moore,* for plaintiffs in error.
*Gibson & Maddox,* contra.