44374. ROWE v. CITY COUNCIL OF AUGUSTA.

EBERHARDT, Judge. In a proceeding against Josephine Rowe by the City of Augusta to condemn for urban renewal purposes lands on Estes and Cooper Streets, William A. Trotter, Jr., as an expert witness for the city, was permitted over objection to testify that comparable property in the general area being condemned usually sold for from $600 to $1,000 per room and rented at from $7 to $10 per room, and was permitted to apply the $1,000 per room in arriving at an evaluation of the condemnee's property, the objection being that the witness' testimony was based on and amounted to hearsay. The admission of this evidence is enumerated as error.

The condemnee sought to prove by his witness, W. A. Rowe, that in the trial of another proceeding wherein the city was condemning land of another party located on 15th Street, Mr. Trotter had testified that it had a value of $300 per front foot, and the evidence was excluded, the ruling being enumerated as error.

The court also refused to permit condemnee's witness to testify

that according to a legal advertisement which he had seen a bank had loaned $8,000 on a house at 1225 Mill Street, approximately one and a half blocks away from condemnee's property, and that ruling is enumerated as error. *Held:*

1. It is not ground for excluding the opinion of an expert as to the value of land that it may rest in part upon hearsay. That goes to the weight of the testimony, but not to its admissibility. *Gulf Refining Co. v. Smith,* 164 Ga. 811 (4) (139 SE 716). An expert may state his opinion without giving the facts upon which it is based, but he is entitled to do so. *Lewis v. State Hwy. Dept.,* 110 Ga. App. 845 (2) (140 SE2d 109). Those facts may be elicited on direct or on cross examination.

2. Since Mr. Trotter was present and testified in the trial, unless for impeachment, neither his testimony nor evidence of what his testimony was at a former trial of the same issues between the same parties was admissible. *Code* § 38-314; *Standridge v. Standridge,* 224 Ga. 102 (4) (160 SE2d 377). It does not appear that the evidence as to what value Mr. Trotter had placed on another tract of land in another proceeding was in any wise contradictory to his testimony in the present trial; hence the evidence was not impeaching in nature and was properly excluded.

3. There was no showing of comparability between the property being condemned and that at 1225 Mill Street; consequently there was no error in excluding testimony of condemnee's witness that he had seen a legal advertisement which disclosed that a bank had loaned $8,000 on it, even if the legal advertisement could be said to indicate its value, which we do not hold to be the case. Evidence as to the value of other parcels, even when shown by voluntary sales in the open market, is not admissible unless it appears that they are similar to that being condemned and that the transaction which is relied upon to indicate value occurred at or near the time of taking. *Flemister v. Central Ga. Power Co.,* 140 Ga. 511, 515 (79 SE 148). Whether comparability appears is a matter for determination by the judge in the exercise of his sound legal discretion and weighing of the evidence. *State Hwy. Dept. v. Noble,* 114 Ga. App. 3 (1) (150 SE2d 174) ; *Williams v. Colonial Pipeline Co.,* 110 Ga. App. 824 (140 SE2d 150).

*Judgment affirmed. Bell, P. J., and Deen, J., concur.*

ARGUED APRIL 9, 1969—DECIDED APRIL 24, 1969.

*Franklin H. Pierce,* for appellant.
*Henry J. Heffernan,* for appellee.