52673. ROSENBERG et al. v. MOSSMAN et al.

STOLZ, Judge.

The appellants, a swimming pool construction company, appeal from a default judgment against them in the appellees' action for damages for the appellants' breach of an implied warranty of fitness in a contract to build a pool in the appellees' yard, and for the appellants' fraudulently procuring the appellees' signature on a

completion certificate prior to the completion of the job, resulting in the premature assignment of the contract and a deed to secure debt to a third-party lien creditor.

1. The verdict and judgment for $5,000 general damages was authorized by the evidence. Appellees' witness Nesmith testified that he had fifteen years' experience in the swimming pool business; that he owned and operated Georgia Bonded Pool Co.; that he had had numerous courses in installation and chemical treatment of swimming pools, and was qualified in both fields; that he had given the appellees an exact dollar amount ($4,734.50) that would be required to render the pool usable as per the contract, based upon the exact, described defects which he had observed upon an inspection of the pool after its original installation; that his inspection of the pool after repairs had been made by the appellants, revealed certain described defects, which, based on his experience and knowledge, would cost over $5,000 to remedy.

"Testimony as to the value of services rendered is in the nature of opinion evidence." *W. & A. Railroad v. Townsend,* 36 Ga. App. 70 (2) (135 SE 439). Value may always be proved by opinionative evidence. *Gulf Refining Co. v. Smith,* 164 Ga. 811, 817 (4) (139 SE 716). "Generally nothing more is required to entitle one to give testimony as an expert than that he has been educated in the particular trade or profession; and special knowledge in regard to a particular subject may be derived from experience as well as study and direct mental application." *Carter v. Marble Products,* 179 Ga. 122 (1) (175 SE 480). " '[A]n expert witness can express his opinion . . . upon proof being made that he was in a position to form an expert opinion, without the necessity of stating the facts forming the basis of his conclusion. [Cits.]' [Cit.]." *Finley v. Franklin Aluminum Co.,* 132 Ga. App. 70 (3) (207 SE2d 543). "An expert may state his opinion without giving the facts upon which it is based. . ." *Rowe v. City Council of Augusta,* 119 Ga. App. 571 (1) (168 SE2d 209) and cit.

2. The trial judge did not abuse his discretion in denying the appellants' motion for new trial on the ground of their alleged failure to receive notice of the

February 2, 1976, trial date of the case. It appears from affidavits in the record on appeal that on December 15, 1975, the appellants' former counsel was mailed a copy of the trial calendar, showing that the case was to be called on January 8, 1976; that the appellants' counsel withdrew from the case on December 23, 1975, because of the appellants' failure to cooperate with him concerning matters of defense and settlement of their case; that former counsel had mailed to both appellants on December 24, 1975, a withdrawal letter *and a copy of the court calendar* which had been sent to him by the clerk's office; and that both counsel had agreed that the case would be left on the trial calendar until the terms of an agreement between the parties dated June 23, 1975, were executed.

It was the duty of the defendants-appellants to keep themselves apprised of the time of the trial under the circumstances, which they failed to do. See *Graham v. Harper,* 88 Ga. App. 763 (77 SE2d 776).

3. The trial judge did not err in failing to give consideration to the agreement executed by the parties, providing for the final disposition of the controversy. There was evidence that there was not full compliance with the terms of the agreement, i.e., the completion of the project; that the appellants' former counsel withdrew from the case 5 months after the repairs were to have been completed because of the appellants' failure to cooperate in matters of settlement of the case; that the case remained on the trial calendar by agreement of counsel for both parties (the record being silent as to any request by either party to have the case removed because of its settlement).

4. The appellants complain that the present action arises on a contract, that "[e]xemplary damages can never be allowed in cases arising on contracts" (Code § 20-1405), and therefore that the verdict and judgment for exemplary, or punitive, damages was unauthorized.

"The controlling principle is stated to be that 'Where the purchaser of personal property has been injured by the false and fraudulent representations of the seller as to the subject matter thereof, he ordinarily has an election whether to rescind the contract, return the article, and

sue in tort for fraud and deceit, or whether to affirm the contract, retain the article, and seek damages resulting from the fraudulent misrepresentation.' *Nichols v. Williams Pontiac, Inc.,* 95 Ga. App. 752 (98 SE2d 659)." *City Dodge, Inc. v. Gardner,* 130 Ga. App. 502 (1) (203 SE2d 729), affd., 232 Ga. 766 (208 SE2d 794).

The appellees in the case sub judice had no choice but to choose the latter remedy, it being impossible to return an installed swimming pool, although they were entitled to set forth the two inconsistent claims alternately or hypothetically in the one count. Code Ann. § 81A-108 (e) (2) (Ga. L. 1966, pp. 609, 619, as amended). Under our recent holding in *UIV Corp. v. Oswald,* 139 Ga. App. 697, election of remedies, though "abolished" by the Civil Practice Act, must be made prior to judgment where inconsistent remedies are sought in one action. In the present case, the verdict was for a lump sum of $16,000. In denying the appellants' motion for new trial, the trial judge amended the original verdict and judgment so as to provide for $5,000 actual damages and $11,000 "punitive" damages. While "[a] judgment may be amended by order of the court to *conform to the verdict* upon which it is predicated. . ." (Emphasis supplied.) Code § 110-311, this judgment, rather than conforming to the verdict, modified it. Since neither party has objected to the judgment on this ground, however, we will consider any such objections to be waived. See *Kirkland v. Kirkland,* 200 Ga. 873, 876 (38 SE2d 838) and cits.

Notwithstanding the above, however, this court has held, in an action for breach of contract, that where there were matters of record relating to fraud for the jury's consideration, "punitive" (exemplary) damages can be awarded, stating that "[f]raud, if found, is tortious conduct." *Diana v. Monroe,* 132 Ga. App. 669 (2) (209 SE2d 70).

"Wilful misrepresentation of a material fact, made to induce another to act, and upon which he does act to his injury, will give a right of action." Code § 105-302. The verdict and judgment for exemplary damages were authorized by the allegations of the complaint, supported by evidence, to the effect that the plaintiffs were induced to sign the completion certificate prior to completion by

the defendants' wilful misrepresentation that such was necessary in order for the plaintiffs to obtain financing for the pool. Therefore, the punitive damages assessed here were not based upon a contract, but the tort in connection with this certificate, whereby the appellees were required to pay the finance company the amounts required thereby.

The verdict and judgment were not erroneous for any reason urged.

*Judgment affirmed. Bell, C. J., and Clark, J., concur.*

Submitted September 21, 1976 — Decided November 5, 1976 — Rehearing denied December 8, 1976 — 

*Lawton Miller, Jr.,* for appellants.

*Wisse, Kushinka, Calhoun, Godwin & Long, Michael J. Long,* for appellees.