52486, 52487. DUKES v. BURKE et al.; and vice versa.

MCMURRAY, Judge.
On October 16, 1973, Johnson, d/b/a Hendley Transfer Co., received a load of cotton from Millen Fertilizer & Gin Company for transport from Millen to Augusta, Georgia. While parked on Hendley's premises

during the night it was discovered that the cotton was on fire. The fire was suppressed by the Millen Fire Department but only after damage to several bales of cotton.

The cotton which had become wet with soap and water during the process of suppressing the fire was unloaded and a few heavily damaged bales separated from the balance. Arrangements were then made by Hendley with another trucker, Burke, to convey the larger portion of the cotton to a salvage company in Peachtree City, Georgia.

Some eight days later, Burke transported the cotton, and near Bartow, Georgia, in Washington County, the cotton was again on fire. Efforts to put it out were to no avail and the fire eventually spread to a tenant house and 13 acres of land (bermuda grass) adjoining the roadway.

Murray Dukes, owner of the land, sued Burke for damages to his property; and defendant Burke brought a third-party action against Hendley. After a trial, the court directed a verdict for both the defendant and third-party defendant. Plaintiff's motion for new trial was denied, and he appeals in Case No. 52486. Defendant cross appeals from the direction of the verdict and judgment in favor of the third-party defendant, and from an order opening the default of the third-party defendant in Case No. 52487. *Held:*

1. Even though the evidence shows that the cotton was under continuous observation for eight days, was wet down periodically and during which time it rained and was allegedly not on fire when the tractor-trailer departed, yet within approximately 35 miles of the beginning point, the bales of cotton, not covered by a tarpaulin, were found to be again on fire, and eventually while traveling in a rural area, burned plaintiff's property.

Construing the evidence most strongly in favor of the party opposing the motion for directed verdict (*Murray v. Gamble,* 127 Ga. App. 855 (195 SE2d 461); *Kesler v. Kesler,* 219 Ga. 592 (134 SE2d 811)), inferences that the cotton was still on fire when it departed, and was fanned by the friction of the open air, with no tarpaulin enclosing it, made it a jury issue as to defendant's negligence in

transporting burning cotton bales. See *Kilgore v. Nasworthy,* 124 Ga. App. 261, 262 (6) (183 SE2d 481); *Lincoln Property Co. No. 4 of Atlanta v. Stasco Plumbing, Inc.,* 130 Ga. App. 767, 768 (204 SE2d 449). Questions of negligence are peculiarly a matter for jury determination. *Garrett v. Royal Bros. Co.,* 225 Ga. 533, 536 (170 SE2d 294); *Seaboard A. L. R. v. Blackwell,* 16 Ga. App. 504 (3) (85 SE 686). The jury, from consideration of all evidence, could have found that the fire in this instance had been negligently re-kindled. *Beckham v. Seaboard A. L. R.,* 127 Ga. 550, 534 (56 SE 638).

The court erred in directing this verdict for defendant.

2. A trial judge may not abuse the required exercise of legal discretion. Here the default judgment against the third-party defendant was opened purely on the basis of the pleadings without consideration of fact. The third-party defendant's motion to dismiss and to open default states, "that he misunderstood the nature of the Third Party practice," that he "did not understand that a Third Party Complaint exposed him to potential liability," that he is "unfamiliar with the law," and that he "was not represented by retained counsel." These statements do not constitute a proper case for the opening of a default judgment under the provisions of Code Ann. § 81A-155 (b) (§ 55 CPA). Notwithstanding the recent decision in *Houston v. Lowes of Savannah,* 235 Ga. 201 (219 SE2d 115), the trial court abused its discretion in opening the default judgment against the third-party defendant. See *Johnson v. Durrence,* 136 Ga. App. 439, 440 (221 SE2d 652). Compare *Strickland v. Galloway,* 111 Ga. App. 683 (143 SE2d 3).

No facts were shown, and the allegations of fact are totally insufficient to authorize the opening of the default. Ignorance of the law is never an excuse for inaction. *Fitzgerald v. Morgan,* 200 Ga. 651, 655 (38 SE2d 171); *Prince v. Friedman,* 202 Ga. App. 136 (2) (42 SE2d 434).

3. The action being one ex delicto, the measure of damages is for the jury to determine based upon the evidence. See Code Ann. § 81A-155 (a), supra. Compare *First Fidelity Ins. Corp. v. Busbia,* 128 Ga. App. 485 (197 SE2d 396).

4. The court erred in directing a verdict in favor of the third-party defendant since an issue of fact remained for jury determination in the event a judgment was returned against the defendant Burke.

*Judgment reversed in both cases. Marshall and Smith, JJ., concur.*

ARGUED JULY 7, 1976 — DECIDED SEPTEMBER 16, 1976.

*Thomas A. Hutcheson,* for appellant.
*W. Ward Newton, R. H. Reeves, III,* for appellees.