40832. LYONS MANUFACTURING COMPANY, INC. v. WEMBLEY INDUSTRIES, INC.
(315 SE2d 906)

MARSHALL, Presiding Justice.

The question for decision in this case is whether the trial court was authorized in enjoining the appellant, Lyons Manufacturing Co., Inc., from collecting a money judgment rendered in favor of Lyons against appellee, Wembley Industries, Inc. In the suit in which Lyons obtained its judgment against Wembley, the jury in its verdict also required Lyons to return certain property to Wembley. This Lyons has failed to do, in that the property has been stolen from Lyons. This is why the trial court enjoined Lyons from proceeding with its efforts to collect the judgment. For reasons which follow, we affirm. These are the facts:

In 1979, Lyons sued Resillio Company in three counts. In Count 1, Lyons sought the sum of $30,000 against Resillio for services rendered, as well as attorney fees. In Count 2, Lyons alleged that it had contracted with Resillio to manufacture for Resillio a specified quantity of shirts in various styles and sizes; Resillio agreed to ship to Lyons the raw material, i.e., cotton and corduroy used to manufacture the shirts; although Resillio did ship sufficient raw material to Lyons to allow Lyons to manufacture the corduroy shirts, Resillio, in breach of contract, instructed Lyons not to perform any manufacturing and to ship the raw material to another plant; as a result, Lyons has suffered $60,000 in lost profits and other expenses for which recovery is sought. In Count 3, Lyons alleged that through Resillio's fraud and deceit it was induced to incur expenses in hiring workers to perform the manufacturing operations and in preparation costs in setting up

machinery and equipment, for which Lyons seeks $250,000 in punitive damages and $20,000 in attorney fees.

The appellee, Wembley Industries, answered the complaint, asserting that Resillio Company is a wholly owned subsidiary of Wembley. In its answer, Wembley denied that it was liable to Lyons for services rendered or guilty of fraud, deceit, or breach of contract. In addition, Wembley counterclaimed against Lyons for, among other things, goods seized by Lyons in the amount of $23,069.64. These goods consisted of some 5,780 yards of corduroy cloth.

The jury returned a verdict in favor of Lyons for $29,000 plus interest, as well as for an additional $10,000. As to Wembley's counterclaim, the jury in its verdict required Lyons to return the corduroy cloth to Wembley. However, the judgment entered on the verdict omitted that portion of the verdict requiring Lyons to return the corduroy cloth. Lyons subsequently notified Wembley that the corduroy had been stolen.

Lyons commenced garnishment proceedings against Wembley's customers to collect the judgment. Wembley filed a petition for injunctive relief, seeking to restrain Lyons from proceeding with its efforts to collect the judgment. The trial court required Wembley to deposit into the registry of the court approximately $54,000, representing the principal and interest owed Lyons under the judgment to that date. However, the court also enjoined Lyons from proceeding with its efforts to collect the judgment, on the following grounds: The award to Wembley of the corduroy cloth makes the money judgment in favor of Lyons a conditional judgment, and this condition must be satisfied before Lyons can maintain an action on its judgment; since the corduroy has been stolen, the parties must either come to an agreement concerning its value or there will have to be a trial to determine the value of the corduroy on the date the judgment was rendered.

Lyons appeals, arguing that the portion of the jury verdict requiring Lyons to return the corduroy to Wembley was beyond the jury's power in that Wembley sought only money damages in its counterclaim. Lyons also argues that this portion of the jury verdict was inconsistent with another portion of the verdict in which the jury refused to find in favor of Wembley on the count of its counterclaim alleging that Lyons was guilty of a conversion of the corduroy. In addition, Lyons argues that in Georgia there is no such thing as a conditional judgment. *Held*:

As previously stated, Wembley in its counterclaim sought recovery in the amount of approximately $23,000 for the corduroy cloth improperly retained by Lyons. Therefore, the portion of the jury verdict requiring Lyons to return the cloth was authorized. In any event, if this portion of the jury verdict was unauthorized, it was incumbent

on Lyons to have it struck either at the trial of the case or on appeal.

The trial court was authorized in enjoining Lyons from collection of its judgment pending resolution of Wembley's claim against Lyons for the corduroy. The jury's award of the corduroy to Wembley can be said to be a condition annexed to Lyons' judgment precluding the maintenance of an action on the judgment until the condition is satisfied. Although there appear to be no previous Georgia cases on this precise issue, it is said to be a general rule that to sustain an action on a judgment the plaintiff must show the defendant to have become bound by a personal judgment for the *unconditional* payment of a definite sum of money. 47 AmJur2d 42, Judgments, § 925. (Emphasis supplied.) See also OCGA §§ 9-13-75, 9-13-76; 46 AmJur2d 1011, Judgments, § 868. We hold this general rule to be good law in Georgia.

*Judgment affirmed. All the Justices concur.*

DECIDED MAY 31, 1984.

*Newton & Smith, Wilson R. Smith,* for appellant.
*Hugh B. McNatt,* for appellee.