795 F.2d 980
 GULF CONTRACTING, Plaintiff-Cross Claim Appellant,
v.
BIBB COUNTY, Defendant-Third Party Plaintiff,
Dore Wrecking Company and Reliance Insurance, Third Party
Defendants-Cross Claim Defendants-Appellees.
GULF CONTRACTING, Plaintiff-Appellant,
v.
DORE WRECKING COMPANY and Reliance Insurance, Defendants-Appellees.
GULF CONTRACTING, Plaintiff-Appellant,
v.
Arthur P. DORE, Defendant-Appellee.
GULF CONTRACTING, Plaintiff-Appellant,
v.
DENNIS & DENNIS, Ward Dennis, Individually and d/b/a Dennis
& Dennis, Peter Dennis, Individually and d/b/a
Dennis & Dennis, Defendants-Third Party
Plaintiffs-Appellees,
Dore Wrecking Company, Third Party Defendant.
GULF CONTRACTING, Plaintiff-Appellant,
v.
DORE WRECKING COMPANY, Reliance Insurance and Arthur P.
Dore, Defendants-Appellees.
 No. 85-8964
Non-Argument Calendar.
 United States Court of Appeals,
Eleventh Circuit.
 Aug. 8, 1986.
 
 C. James Jessee, Jr., Atlanta, Ga., for the plaintiff-appellant.
 Albert P. Reichert, Hendley V. Napier, Robert R. Gunn, II, Macon, Ga., for the defendants-appellees.
 Appeal from the United States District Court for the Middle District of Georgia.
 Before FAY, JOHNSON and CLARK, Circuit Judges.
 PER CURIAM:
 
 
 1
 Appellant Gulf Contracting, Inc. brings this appeal from the district court's entry of summary judgment in favor of appellees Peter and Ward Dennis and their business entities. Appellant was the general contractor for the Bibb County Law Enforcement Center constructed in 1976 in Macon, Georgia. Appellant sued appellees for negligent acts and omissions in connection with appellees' work as project architects and engineers for the Center. The district court entered summary judgment for appellees on grounds that appellees owed no professional duty to appellant nor did privity of contract exist to support a cause of action. Appellant alleges error in these holdings. We agree and therefore reverse the judgment below.
 
 
 2
 This suit, along with several others, grew out of the following events. In 1975, Dore Wrecking Company was hired by Bibb County to prepare the Center site for construction. This work required removal of certain subsurface debris, including footings, foundations and concrete slabs left from a previous structure on the site. Rather than remove all the debris, Dore Wrecking intentionally removed only a portion and covered over the rest with dirt.
 
 
 3
 Although appellees were contractually obligated to supervise Dore's work, appellees failed to discover the remaining debris through inspection. Appellees did receive notice of the problem, however, through a soil test report indicating concrete under the site surface. Nonetheless, appellees did not disclose the existence of the debris in their final plans, specifications and drawings for the Center. In reliance on these plans, appellant submitted the lowest bid for general contracting of the Center.
 
 
 4
 When appellant began construction in 1976, the debris was discovered. Appellant expended additional time and expense in removing it, but was not compensated for this non-contract work. Subsequently, appellant sued appellees, as well as Dore, the County and other entities, to recover costs in the amount of almost $1,600,000. Appellant's actions against all parties but appellees have either been settled or dismissed, and therefore only the question of appellees' liability is before us now.
 
 
 5
 The district court premised summary judgment in this diversity action on Georgia law. Section 51-1-11(a) of the Georgia Code provides that:
 
 
 6
 [N]o privity is necessary to support a tort action; but, if the tort results from the violation of a duty which is itself the consequence of a contract, the right of action is confined to the parties and those in privity to that contract, except in cases where the party would have a right of action for the injury done independently of the contract .... (emphasis added).
 
 
 7
 The district court read appellant's complaint to state a claim of negligence founded on appellees' contractual obligations to design and supervise the project. Thus, it concluded that privity was necessary, since Georgia common law imposes no duty of professional service in favor of third parties not in privity to the contract for such service. Appellant could not establish privity and summary judgment was granted in favor of appellees.
 
 
 8
 The error in the district court's holding lies in its construction of Georgia common law. It is true that for many years, Georgia imposed no general duty of reasonable care upon those rendering professional services. See, e.g., Mauldin v. Sheffer, 113 Ga.App. 874, 150 S.E.2d 150, 154 (1966). Recently, however, the Georgia courts have moved away from a rigid privity requirement. An exception to the requirement will be implied where policy considerations weigh in favor of liability. See Rhodes-Haverty Partnership v. Robert & Co. Assoc., 163 Ga.App. 310, 293 S.E.2d 876, 878 (1982), aff'd, 250 Ga. 680, 300 S.E.2d 503 (1983).
 
 
 9
 Privity is not required to support an action for negligent misrepresentation by "[o]ne who, in the course of his business, profession or employment, ... supplies false information for the guidance of others in their business transactions." Rhodes-Haverty, 300 S.E.2d at 504 n. 1 (quoting Restatement (Second) of Torts Sec. 552 (1977)).[1] Liability is limited, however, to "a foreseeable person or limited class of persons for whom the information was intended." Id. at 504. Those persons must also show reasonable reliance on the false information, specifically that the information was given for the purpose of inducing their reliance. See id.
 
 
 10
 One of appellant's claims fits squarely within this exception.[2] Appellant contends that appellees negligently failed to disclose the remaining subsurface debris in the specifications, plans, drawings, plats and surveys describing the Bibb County Law Enforcement Center. Those specifications were obviously prepared for a limited class of persons, namely firms bidding for contracts to build all or a portion of the Center. Reliance on the specifications and other materials by such persons was also reasonable because the information therein is vital to the bidding process.[3] Thus, appellees may be liable to third parties such as appellant for their failure to adequately describe construction requirements through their specifications and materials. Summary judgment was improperly granted and the parties should proceed to trial on this claim.
 
 
 11
 The order below is REVERSED and REMANDED.
 
 
 
 [1]
 Contrary to the district court's suggestion, exceptions to the privity requirement are not limited to cases involving "professional opinions." See North American Co. for Life & Health v. Berger, 648 F.2d 305 (5th Cir. Unit B 1981) (negligent misrepresentation in psychiatrist's opinion of disability). The Georgia Supreme Court's use of the Restatement indicates that false facts as well as false opinions are actionable. Indeed, the Restatement specifically refers to false "information," drawing omissions as well as misstatements within the scope of general liability. See Rhodes-Haverty, supra (failure to disclose certain facts held actionable)
 
 
 [2]
 Appellant's other claims are based on appellees' negligent failure to supervise Dore Wrecking and to approve change orders and additional compensation for the work done by appellant. None of these acts and omissions fall within the privity exception for negligent misrepresentation. Consequently, summary judgment on these claims was not improper
 
 
 [3]
 We emphasize that our opinion in this case should not be construed to impose on architects and engineers a general duty to disclose on plans and specifications all sub-surface conditions affecting construction. The exact nature and scope of an architect's or engineer's duty is not an issue before us, and we have not considered it. We merely hold that privity is not a prerequisite, in these circumstances, for a cause of action against an architect or engineer