74025. GORLIN et al. v. HALPERN et al.
74026. BURGESS et al. v. GORLIN et al.
74027. FIRST GEORGIA BANK v. GORLIN et al.
(360 SE2d 729)

McMurray, Presiding Judge.

The cases sub judice involve events which occurred in 1972 and 1973. Although filed in 1975, the action from which these appeals emanate did not reach trial until 1986.

Plaintiffs Gorlin and Long allege that they were induced by the wilful misrepresentations of defendants to loan money, work and incur expenses, all to their detriment. The plaintiffs' evidence presented at trial may be summarized as follows:

Plaintiffs learned of a proposed merger between defendant American Food Purveyors, Inc. ("AFP") and defendant Amerdyne Industries, Inc. ("Amerdyne"). AFP had experienced a dramatic growth in revenues resulting in an urgent need for additional capital. Amerdyne was a publicly traded corporation and as such had greater access to financial markets. One of the purposes of the proposed merger was to cloak AFP with Amerdyne's access to financial markets so that additional capital could be obtained for AFP. Plaintiffs became interested in participating in the proposed merger and a proposed public offering of stock. Plaintiffs met with the presidents of the two corporations. Defendant Halpern was president of AFP. After the initial meeting plaintiffs undertook an in depth examination and analysis of AFP, including review of financial statements and on-site visits. Plaintiffs' request for references resulted in their introduction by defendant Halpern to defendants Burgess and Brown, both employed by defendant First Georgia Bank, Inc., d/b/a First Georgia Bank of Atlanta ("First Georgia Bank"). Defendant Burgess, vice-president and branch manager, and defendant Brown, commercial loan officer and assistant branch manager, advised plaintiffs that AFP was in sound financial condition, was held in high esteem by the bank, that the accounts were current, and the only problem AFP had involved AFP writing checks on uncollected funds. Plaintiffs were told that these uncollected funds were not a serious problem because they were from good accounts. Plaintiffs entered into an agreement to provide funds to Amerdyne for the use of AFP. In entering this agreement plaintiffs relied upon the representations made by defendants Burgess and Brown. Subsequently, plaintiffs provided Amerdyne with $135,000 which was placed in the account of AFP. Thereafter, plaintiffs were told by the banker defendants that the uncollected funds problem of AFP had ceased. A note was issued by Amerdyne evidencing the funds provided by plaintiffs. Subsequently, a check kiting scheme was exposed involving defendant Halpern and defendant AFP. The check kiting scheme was accomplished with the participa-

tion of defendants Burgess, Brown and First Georgia Bank. The funds in the account of AFP were applied by defendant First Georgia Bank to reduce an overdraft in the account. The merger of defendant Amerdyne and defendant AFP never occurred and both went out of business.

The action from which these appeals emanate was submitted to the jury on alternative theories of fraud and unjust enrichment (money had and received). The jury returned a verdict in favor of plaintiffs on their fraud claim against defendants Burgess, Brown and First Georgia Bank in the amount of $135,000, plus interest of $122,850, attorney fees of $133,000 and punitive damages of $175,000. The jury returned a verdict in favor of defendants Halpern, AFP and Amerdyne. In its consideration of defendant First Georgia Bank's counterclaim the jury required the bank to return certain collateral on a note to plaintiff Gorlin contingent on his paying the bank $13,260.67 with no interest. The judgment followed the verdict except as to prejudgment interest. Defendants' motion for a directed verdict as to prejudgment interest was granted so that the $122,850 in interest was not included in the judgment. Prejudgment interest of $50,600 was included in the judgment based upon a demand under OCGA § 51-12-14, the "Unliquidated Damages Interest Act."

In Case No. 74025 plaintiffs appeal from that portion of the final judgment which granted defendants' motion for directed verdict as to prejudgment interest so as to omit from the judgment the interest in the amount of $122,850 awarded by the jury. In Case No. 74026 Burgess and Brown appeal from the final judgment. Defendant First Georgia Bank appeals from the final judgment in Case No. 74027. *Held*:

1. In Case No. 74025 plaintiffs enumerate as error the trial court's grant of defendants' motion for a directed verdict (which we treat as a judgment notwithstanding the verdict. See *Miller & Meier & Assoc. v. Diedrich*, 174 Ga. App. 249, 250 (1) (329 SE2d 918), rev'd in part on other grounds, 254 Ga. 734 (334 SE2d 308)) which resulted in the omission from the final judgment of the $122,850 pre-judgment interest awarded by the jury. OCGA § 7-4-15 provides in part: "All liquidated demands, where by agreement or otherwise the sum to be paid is fixed or certain, bear interest from the time the party shall become liable and bound to pay them. . . ." Plaintiffs argue that their claim for the recovery of the money they loaned and lost is "fixed and certain" in that it is evidenced by their checks in an amount that cannot be altered. Thus, plaintiffs insist that their fraud claim for the $135,000 which was loaned and lost, was a liquidated claim so as to authorize the award of prejudgment interest.

Defendants contend that plaintiffs' fraud action is neither factually nor legally one for liquidated damages. Defendants cite certain

language from *Georgia Ports Auth. v. Mitsubishi Intl. Corp.*, 156 Ga. App. 304, 306 (3) (274 SE2d 699), as authority that in any action ex delicto prejudgment interest may be recovered only by compliance with OCGA § 51-12-14, the "Unliquidated Damages Interest Act." Thus, defendants argue that under Georgia law there is no ex delicto claim for liquidated damages.

Defendants' reliance upon this language from *Georgia Ports Auth. v. Mitsubishi Intl. Corp.*, 156 Ga. App. 304, 306, supra, is misplaced as it was not germane to the decision in that case. That case involved an action for negligence in shipping a cargo of plywood resulting in damage to the cargo when it shifted. In the division of that decision concerning prejudgment interest we held that the claim was for unliquidated damages as the mathematical calculation of the loss could be accomplished only after a jury determined from expert opinion testimony the original value of the goods and the extent of damage. Thereafter, followed the language at issue stating: "Indeed, damages in an action *ex delicto* must always be proven by evidence before they can be regarded as liquidated. See [OCGA § 9-11-55 (a)]: *Tallman Pools of Ga., Inc. v. Napier*, 137 Ga. App. 500 (2), 504 (224 SE2d 426) (1976); *Dukes v. Burke*, 139 Ga. App. 583 (3) (228 SE2d 729) (1976). Accord *Republic Ins. Co. v. Cook*, 129 Ga. App. 833 (2) (201 SE2d 668) (1973). Since this is an action *ex delicto* and the statutory notice [required for compliance with OCGA § 51-12-14] was not given, the award of interest cannot stand." *Georgia Ports Auth. v. Mitsubishi Intl. Corp.*, 156 Ga. App. 304, 306 (3), supra. The cases cited in this language from *Georgia Ports Auth. v. Mitsubishi Intl. Corp.*, supra, are applications of that portion of OCGA § 9-11-55 (a) dealing with default judgments which permits entry of judgment by default without intervention of a jury, "unless the action is one ex delicto or involves unliquidated damages." The conclusion stated in the referenced language is not required by the cases cited in support thereof.

Contrary to defendants' position, in *National Bank of Ga. v. Refrigerated Transport Co.*, 147 Ga. App. 240, 246 (III) (248 SE2d 496), an action for conversion of certain checks, we found no error where the trial court in granting a motion for judgment notwithstanding the verdict ruled that damages arising from the conversion of the checks were liquidated so as to authorize prejudgment interest. A liquidated demand is "an amount *certain* and *fixed*, either by the act and agreement of the parties or by operation of law; a sum which cannot be changed by the proof; it is so much or nothing; . . ." *Nisbet v. Lawson*, 1 Ga. 275, 287. As we cannot view the damages claimed in the action from which these appeals emanate as less fixed and certain than those in *National Bank of Ga. v. Refrigerated Transport Co.*, 147 Ga. App. 240, 246 (III), supra, that is, in both actions the

amounts may be determined from the checks, we conclude that the plaintiffs' claim for damages of $135,000 was liquidated. Thus, under OCGA § 7-4-15 plaintiffs were entitled to the prejudgment interest awarded by the jury. Accord *Anderson v. State*, 2 Ga. 370; *Allen v. Allen*, 198 Ga. 269 (31 SE2d 483); *Wheels & Brakes v. Capital Ford Truck Sales*, 167 Ga. App. 532 (307 SE2d 13).

2. "The case of *Pasley v. Freeman* (1789) 3 TR 51, 100 Eng. Reprint 450, 12 ERC 235, established at common law the actionability of misrepresentations as to the credit of another. A consequence of this decision was that actions in tort upon oral misrepresentations were frequently brought as a means of evading the statute of frauds prohibiting the bringing of an action to charge one upon an oral promise to answer for the debt of another. To meet this situation, Parliament passed what is known as Lord Tenterden's Act providing that no action should be brought to charge any person upon or by reason of any representation or assurance concerning or relating to the 'character, conduct, credit, ability, trade, or dealings' of any other person, to the intent or purpose that such other person may obtain credit, money, or goods, unless such representation were in writing and signed by the party to be charged. Statutes of similar import have been enacted in several of the American jurisdictions." 32 ALR2d 738, 744 § 1. In Georgia, our Supreme Court rejected the holding in *Pasley v. Freeman* in *Savage v. Jackson*, 19 Ga. 305. Thereafter, in 1863 the substance of Lord Tenterden's Act was adopted by statute and is now found in OCGA § 51-6-3.

Defendants First Georgia Bank, Burgess and Brown each made several motions asserting OCGA § 51-6-3. These three defendants enumerate as error the denial of their motions for summary judgment and for directed verdict which was predicated at least in part on OCGA § 51-6-3. Defendant First Georgia Bank also enumerates as error the denial of its motion in limine, also predicated upon OCGA § 51-6-3, seeking to exclude "evidence of any credit references provided by First Georgia Bank, or its officers or agents, regarding a third party which is not in writing."

First, we note that any issue as to the denial of motions for summary judgment has become moot following the jury's verdict and entry of judgment thereon. *Talmadge v. Talmadge*, 241 Ga. 609 (1) (247 SE2d 61); *Dedousis v. First Nat. Bank of Cobb County*, 181 Ga. App. 425 (1) (352 SE2d 577).

Furthermore, insofar as OCGA § 51-6-3 relates to the defendants' motions for directed verdict we note that even after any portion of the evidence arguably governed by OCGA § 51-6-3 is excluded from consideration, there is ample evidence of fraud and resulting detriment to plaintiffs which would authorize the award of general damages in at least a nominal amount. Therefore, assuming the broadest

application of OCGA § 51-6-3 to the action from which these appeals emanate a denial of these motions for directed verdict was proper. *Bradley v. Godwin*, 152 Ga. App. 782, 784 (3) (264 SE2d 262); *Spence v. Hilliard*, 181 Ga. App. 767 (353 SE2d 634); *Tilley v. Page*, 181 Ga. App. 98 (1), 99 (351 SE2d 464).

Nor did the trial court err in denying the motion in limine of defendant First Georgia Bank. While the evidence sought to be excluded related to a portion of the fraud claim arguably barred under OCGA § 51-6-3, it is also relevant and admissible in regard to other portions of plaintiffs' fraud claims for which general damages could be awarded.

3. Defendants First Georgia Bank, Burgess and Brown have submitted several additional enumerations of error raising further issues in support of their contentions that the trial court erred in denying their motions for directed verdict. None of these additional grounds require detailed discussion. It is sufficient that we refer to our recital of plaintiffs' evidence and hold that ample evidence was presented on each of the elements of fraud sufficient to preclude the grant of these defendants' motions for directed verdict. See generally *Davi v. Shubert*, 168 Ga. App. 420 (309 SE2d 415); *Parsells v. Orkin Exterminating Co.*, 172 Ga. App. 74 (322 SE2d 91).

4. Defendants First Georgia Bank, Burgess and Brown contend that the verdict and judgment are inconsistent and repugnant in that the jury returned a verdict in favor of plaintiffs against these defendants while also returning a verdict in favor of defendants Amerdyne, AFP, and Halpern. " 'A verdict that is contradictory and repugnant is void, and no valid judgment can be entered thereon. A judgment entered on such a verdict will be set aside. (Cit.)' *Fleming v. Collins*, 190 Ga. 210, 214 (9 SE2d 157) (1940)." *Four Oaks Homes v. Smith*, 153 Ga. App. 326, 328 (265 SE2d 76). However, considering the evidence presented at trial we do not find the verdict in the action from which these appeals emanate contradictory or repugnant. No specific inconsistency is noted nor are we cited to any case wherein a similar verdict is held void on this basis.

5. Defendant First Georgia Bank enumerates as error the admission into evidence of three documents, the minutes from its Board of Directors' meetings of June 14, 1973, a letter from one of its employees to a vice president of the Federal Reserve Bank of Atlanta concerning the check kiting scheme, and a letter by its attorneys to Insurance Company of North America concerning the check kiting scheme. These documents were admitted against defendant First Georgia Bank only and the jury instructed accordingly. The documents were admitted partially on the basis of defendant First Georgia Bank's response to requests for admission. While defendant First Georgia Bank argues that it never admitted that the subject docu-

ments were made in the regular course of its business or that it was the regular course of the business to make the subject documents, the opposite is shown by plaintiffs' requests for admission and the response of defendant First Georgia Bank. Also, contrary to the implications of the argument of defendant First Georgia Bank, the trial court explicitly did not view the admissions as constituting a stipulation that the documents fell within the exception set forth in OCGA § 24-3-14. Indeed, while the parties have argued this enumeration as involving an application of OCGA § 24-3-14, we decide it on other grounds.

There was no error in admitting these documents into evidence as they each contained admissions against interest made on behalf of defendant First Georgia Bank concerning its knowledge of the check kiting scheme and the involvement therein of its employees, defendants Burgess and Brown. " 'A corporation can only make admissions through its agents, and the admissions of such agents acting within the scope of their powers and about the business of their agency are admissible' *Imboden v. Etowah &c. Co.*, 70 Ga. 86 (11). *Timeplan Loan &c. Corp. v. Moorehead*, 221 Ga. 648, 650 (146 SE2d 748). See [OCGA §§ 10-6-64 and 24-3-33.]" *White v. Front Page*, 133 Ga. App. 749, 750 (213 SE2d 32). Defendant First Georgia Bank's contention that these documents should have been excluded because they were not admissible under the provisions of OCGA § 24-3-14 is without merit.

Defendants Burgess and Brown also enumerate as error the admission into evidence of these documents and the denial, following the admission of the documents into evidence, of their motion for severance. First, we repeat that the documents were admitted only against defendant First Georgia Bank and the jury instructed accordingly. However, defendants Burgess and Brown contend that due to the repeated references to them in the documents it would have been impossible for the jury to avoid applying this evidence to them, despite the trial court's instructions. However, the presumption is that the jurors have understood and correctly applied the trial court's instructions. *Fallaw v. Hobbs*, 113 Ga. App. 181, 185 (147 SE2d 517); *Stanley v. Squadrito*, 107 Ga. App. 651, 658 (8) (131 SE2d 227). See also *Becker v. Donalson*, 133 Ga. 864 (1) (67 SE 92); *Miller v. Minhinnette*, 185 Ga. 490 (2) (195 SE 425).

As a general rule, the question of severance is a matter of discretion for the trial court and there will be no reversal thereof absent a clear and manifest abuse of that discretion. *Lansky v. Goldstein*, 141 Ga. App. 345 (233 SE2d 437); *Sollek v. Laseter*, 124 Ga. App. 131 (183 SE2d 86). In the case sub judice the documents at issue were listed in the pre-trial order among those to be offered at trial. Thus, defendants Burgess and Brown had ample opportunity prior to trial

to present the severance issue which was raised for the first time during the trial. Under these circumstances we find no abuse of discretion in the denial of their untimely motion. Also we note that there was ample evidence independent of the documents which could have been viewed by the jury as proving plaintiffs' case against defendants Burgess and Brown.

6. Defendants First Georgia Bank, Burgess and Brown enumerate as error the trial court's permitting plaintiffs to assert their claim for unjust enrichment. However, as the jury returned its verdict on the alternative theory of fraud and returned no verdict against defendants on the unjust enrichment claim, any error in submitting this claim to the jury was harmless. *McDonald v. Rogers*, 229 Ga. 369, 380 (9) (191 SE2d 844).

7. Plaintiffs agreed that they would share equally in the proceeds of any recovery and on this basis the form of the verdict provided for a joint verdict for the two plaintiffs. Defendant First Georgia Bank objected to this form of the verdict and now enumerates such as error. While defendant First Georgia Bank argues generally that the joint verdict may have had a material effect on the jury's determination of liability, we cannot envision any circumstances in which this form of verdict if erroneous, would be harmful to this defendant.

While defendants Burgess and Brown enumerate as error the joint verdict for plaintiffs, we find no objection in this regard on behalf of these two defendants. As this issue was not raised at trial by these two defendants it may not be raised for the first time on appeal. *Smith v. Pierce*, 179 Ga. App. 724 (2) (347 SE2d 692); *Dept. of Transp. v. Poole*, 179 Ga. App. 638, 640 (3) (347 SE2d 625); *Seibers v. Morris*, 226 Ga. 813 (1) (177 SE2d 705); *F. A. F. Motor Cars v. Childers*, 181 Ga. App. 821, 823 (5) (354 SE2d 6).

8. Defendants First Georgia Bank, Burgess and Brown enumerate as error the trial court's refusal to give a requested jury charge submitted by defendant First Georgia Bank on the issue of ratification. As the charge at issue was neither an accurate statement of the law nor adjusted to the evidence, the trial court did not err in declining to give this requested charge. *Columbus, Ga. v. Smith*, 170 Ga. App. 276, 282 (3) (316 SE2d 761); *Macon-Bibb County Hosp. Auth. v. Ross*, 176 Ga. App. 221, 224 (3) (335 SE2d 633); *Formica Corp. v. Rouse*, 176 Ga. App. 548 (2) (336 SE2d 383).

*Judgment reversed in Case No. 74025. Judgments affirmed in Case Nos. 74026 and 74027. Birdsong, C. J., concurs. Sognier, J., concurs in the judgments only. Beasley, J., disqualified.*

DECIDED JULY 16, 1987 —
REHEARING DENIED JULY 31, 1987 — 

*Robert N. Meals, Larry H. Chesin*, for First Ga. Bank.
*Taylor W. Jones, Rickman P. Brown*, for Gorlin and Long.
*J. Wayne Moulton*, for Burgess and Brown.
*Joseph Lefkoff*, for Halpern.