**MALTA CONSTRUCTION COMPANY, Plaintiff,**

v.

**HENNINGSON, DURHAM & RICHARDSON, INC., and VSL Corporation, Defendants.**

No. 1:86–CV–2029–RHH.

United States District Court, N.D. Georgia, Atlanta Division.

April 28, 1989.

Mahlon C. Rhaney, Jr., Griffin Cochrane Marshall & Elger, Atlanta, Ga., for plaintiff.

Kent Taylor Stair, Douglas Allen Wilde, Webb, Carlock, Copeland, Semler & Stair, Howell Hollis, III and Jack N. Sibley, Freeman & Hawkins, Charles Michael Hardman, Jones & Granger, Atlanta, Ga., for defendants.

## ORDER

ROBERT H. HALL, District Judge.

This action is currently before the court on (1) Henningson, Durham & Richardson Inc.'s (HDR) motion to strike Contention 11 of the Pretrial Order, (2) HDR's motion to strike plaintiff's claim for prejudgment interest and (3) VSL Corporation's (VSL) motion in limine. For the reasons stated below, the court GRANTS HDR's motion to strike Contention 11, GRANTS HDR's motion to strike plaintiff's claim for prejudgment interest and GRANTS VSL's motion in limine.

## FACTS

(The facts of the case are set out in this court's order of June 2, 1987 and will not be reiterated entirely here).

This action arises out of certain alleged delays in the construction of post tension bridges on the South Atlanta Freeway (I–675). Plaintiff Malta Construction (Malta) is the general contractor. Plaintiff alleges that it was economically damaged by delays in the building of post tension bridges allegedly caused by delays in the preparation and approval of plans and shop drawings prepared by defendants HDR and VSL. HDR is an engineering firm which entered into a contract with the Georgia Department of Transportation (GDOT) to design several post tension bridges. VSL entered into a contract with Malta's subcontractor, Metropolitan Erecting Company, Inc. (Metro) to prepare the shop drawings for the post tension bridges and to supply certain materials and equipment for the construction of the post tension bridges. Malta entered contracts with GDOT and Metro; however, Malta was not a named party to the contracts with either HDR or VSL.

Malta's construction of the post tension bridges was substantially delayed. Malta concedes that it suffered only economic damage as a result of the delay.

Malta and GDOT entered into a settlement agreement in August of 1986 in which GDOT paid Malta $2,650,000 in final settlement of Malta's claims against GDOT. In the instant action Malta sues HDR in tort and VSL in both tort and contract, claiming to be a third party beneficiary of the Metro–VSL contract.[1] Further facts will be disclosed as necessary for discussion of the three pending motions.

## DISCUSSION

### I. *Motion to Strike Contention 11*

 Defendant has filed a motion to strike Contention 11 of the Consolidated Pretrial Order, Attachment "C," Section (c). Contention 11 reads as follows:

> HDR was negligent in representing that the shop-drawings for bridges 3, 5 and 6 were satisfactory for construction by approving them in December 1983.

HDR claims that this court's order of September 7, 1988, which granted HDR summary judgment as to paragraph 10 of plaintiff's Complaint, prohibits plaintiff from presenting Contention 11 of the Pretrial Order at trial.

---

1. By order dated September 7, 1988, 694 F.Supp. 902, this court dismissed Count II of plaintiff's Complaint sounding in contract against HDR because, under Georgia law, Malta is not a third party beneficiary of the contract between HDR and GDOT.

In its order of September 7, 1988, this court discussed the Georgia economic loss rule which bars recovery in tort where the parties are not in privity and where plaintiff's damages are purely economic. The court noted that the Georgia Supreme Court has carved out a narrow exception to the strict privity-economic loss rule. *Robert & Company v. Rhodes–Haverty Partnership*, 250 Ga. 680, 300 S.E.2d 503 (1983). *See also Gulf Contracting v. Bibb County*, 795 F.2d 980 (11th Cir.1986). The *Robert & Company* court essentially adopted the position of the Restatement 2d Torts in holding that:

> One who supplies information during the course of his business, profession, employment, or in any transaction in which he has a pecuniary interest has a duty of reasonable care and competence to parties who rely upon the information in circumstances in which the maker was manifestly aware of the use to which the information was to be put and intended that it be so used.

*Roberts & Company*, 250 Ga. at 681–682, 300 S.E.2d 503.

This court held that the allegations in plaintiff's Complaint which pertain to the alleged negligence of the defendants in preparing the plans appear to fit in the exception to the strict privity-economic loss rule. However, this court also determined that paragraph 10 of the Complaint did not fall within the exception to the rule. Paragraph 10 provides:

> Defendant, HDR failed to promptly and adequately review shop drawings submitted by Malta for bridges 2L, 2R, 3, 4, 5, 6, 7, 9, 10 and 15. These failures in shop drawing review constituted negligence by HDR.

The court held that paragraph 10 did not fall within the exception to the economic loss rule because a claim for negligent *review* of shop drawings is not like a claim for negligent *misrepresentation, supply* or *omission* of information. It is more like a claim for failure to supervise and approve change orders, which the *Gulf Contracting* court determined would not fall within

the exception to the economic loss rule. *Gulf Contracting*, 795 F.2d at 982, n. 2.

HDR now claims that plaintiff's Contention 11 raises exactly the same claim as was dismissed in paragraph 10 of the Complaint. Plaintiff, however, contends that Contention 11 raises a claim that is distinguishable from the claim in paragraph 10 of the Complaint. "(S)hop-drawings provide construction requirements and their approval by HDR constituted negligent misrepresentation as the shop-drawings are but another form of plans and drawings provided to Malta for use in construction." Response to Motion to Strike, p.p. 2–3.

The court finds that Malta's Contention 11 is essentially a reformulation of the claim contained in paragraph 10 of the Complaint, which was dismissed pursuant to this court's order of September 7, 1988. Accordingly, the court reaffirms its previous ruling dismissing paragraph 10 of the Complaint and strikes Contention 11 of the Pretrial Order. HDR's motion to strike is GRANTED.

## II. *Motion to Strike Plaintiff's Claim for Prejudgment Interest*

HDR has also filed a motion to strike plaintiff's claim for prejudgment interest through the date of trial.

HDR notes that, in tort actions, damages must be proven by evidence before they can be regarded as liquidated. O.C.G.A. § 51–12–14(a) provides:

> Where a claimant has given written notice by registered or certified mail to a person against whom claim is made for unliquidated damages in a tort action and the person against whom such damage is made fails to pay such amount within thirty days from the mailing of the notice, the claimant shall be entitled to receive interest on the claimed sum if, upon trial of the case in which the claim is made, the judgment is for an amount not less than the sum claimed.

Where the requisite statutory notice is not given, an award of prejudgment interest on a tort claim is not available. *Georgia Ports Authority v. Mitsubishi International Corp.*, 156 Ga.App. 304, 274 S.E.2d

699 (1980). Plaintiff has not contested HDR's contention that prejudgment interest is not available on plaintiff's tort claims. Accordingly, the court finds that plaintiff will not be entitled to recover prejudgment interest on any amount it should recover pursuant to its action ex delicto against HDR.

█ Plaintiff does maintain, however, that it is entitled to recover prejudgment interest on its contract action. Plaintiff has a third party beneficiary claim against VSL. Plaintiff claims that O.C.G.A. §§ 7-4-15 and 13-6-13 entitle plaintiff to recover prejudgment interest from VSL on this contract claim.

O.C.G.A. § 7-4-15 provides in pertinent part that "(a)ll liquidated demands, where by agreement or otherwise the sum to be paid is fixed or certain, bear interest from the time the party shall become liable and bound to pay them...." Georgia courts have interpreted "liquidated" to mean a sum that is "certain and fixed." *International Indemnity Co. v. Terrell*, 178 Ga. App. 570, 344 S.E.2d 239 (1986). A claim is considered "unliquidated" when there is a bona fide contention as to the amount owing. *Ryan v. Progressive Retailer Publishing Co.*, 16 Ga.App. 83, 84 S.E. 834 (1915), *International Indemnity Co.*, 178 Ga.App. at 570, 344 S.E.2d 239. Thus, interest is available under O.C.G.A. § 7-4-15 from the date when the amount of a claim has been rendered "certain and fixed" or "liquidated." *Insurance Company of North America v. Folds*, 42 Ga.App. 306, 155 S.E. 782 (1930).

In the case at hand, the amount of damages sought is not fixed or certain. Rather, it is likely that a jury must establish actual damages in this case after hearing all the evidence. As the Georgia Court of Appeals held recently, "(a) demand is not liquidated where its amount 'could only be established by a jury.'" *Marathon Oil Co. v. Hollis*, 167 Ga.App. 48, 52, 305 S.E.2d 864 (1983), quoting *Georgia Ports Authority v. Mitsubishi International Corp.*, 156 Ga.App. 304, 306, 274 S.E.2d 699 (1980). Thus, the court finds that plaintiff is not entitled to a statutory award of prejudgment interest pursuant to O.C.G.A. § 7-4-15.

Plaintiff also claims, however, that O.C.G.A. § 13-6-13 allows for prejudgment interest at the legal rate from the date of breach for an unliquidated claim. O.C.G.A. § 13-6-13 provides:

In all cases where an amount ascertained would be the damages at the time of the breach, it may be increased by the addition of legal interest from that time until recovery.

Plaintiff is correct in stating that O.C.G.A. § 13-6-13 allows for prejudgment interest to be awarded by a jury even on unliquidated claims. However, VSL is also correct in pointing out that a pre-requisite to the award of prejudgment interest is that the jury's finding of damages be the same as the amount of damages at the time of the breach. VSL rightly asserts that, for interest to be permitted on an unliquidated claim, there must be a monetary loss which "immediately and necessarily" flows to the injured party. *See Norair Engineering Corp. v. St. Joseph's Hospital*, 147 Ga.App. 595, 605, 249 S.E.2d 642 (1978). In *Braner v. Southern Trust Insurance Co.*, 255 Ga. 117, 119, 335 S.E.2d 547 (1985), the court determined that it was not error to allow a jury to find prejudgment interest as a separate item of the award on an unliquidated claim. However, in *Braner*, the contract at issue was a fire insurance policy; thus, damages were ascertainable at the time of the breach. *Braner* does not stand for the proposition that a jury may always award prejudgment interest, even where the amount is not ascertainable as of the time of the breach.

VSL alleges that the damages in the case at hand can only be known after the jury evaluates the several alleged breaches and the effect of the numerous delays. This is not a case in which the plaintiff's loss will be directly ascertainable as of a given breach. That is, in this case there is no one specific breach from which a damages in a sum certain immediately and necessarily flowed to the plaintiff. Accordingly, prejudgment interest is not available to the plaintiff in this case. HDR's motion to

**1470**

strike plaintiff's claim for prejudgment interest is GRANTED. Prejudgment interest will not be available on either the tort or contract claims in this action.

### III. *Motion in Limine*

 VSL has filed a motion in limine requesting the court:

(a) to instruct plaintiff Malta and its witnesses never to refer to Metropolitan Erecting Company (Metro) as "VSL's installer," "your installer," or "its installer," or to use any other reference indicating in any way that Metro was the employee, subcontractor, or acted at the direction of VSL;

(b) to instruct plaintiff Malta and its witnesses never to refer to VSL or its shop drawings as the designer or as the design for the post-tensioning system.

Malta objects to the proposed motion in limine; Malta claims that it will establish at trial that (1) VSL represented to Malta that is used Metro as its installer on other projects and that (2) VSL did, in fact, have design responsibilities. In response, VSL contends that while Malta should be allowed to introduce evidence on these two points, it should not be able to employ summary clauses which suggest that Malta's ultimate position before the jury has actually weighed the evidence.

The court agrees with VSL that allowing Malta to summarily define the relationship between VSL and Metro might be prejudicial. Thus, the court advises Malta not to refer in a conclusory manner to Metro as VSL's installer or to indicate that Metro was the employee, subcontractor or acted at the direction of VSL, except when necessary to prove the existence of a relationship between Metro and VSL. Similarly, Malta is cautioned not to refer to VSL as having design functions or VSL's shop drawings as designs in a conclusory fashion. However, such terms may be used to prove that VSL did in fact work in a design capacity for Malta. Accordingly, the court GRANTS VSL's motion in limine.

### CONCLUSION

The court GRANTS HDR's motion to strike Contention 11 of the Consolidated Pretrial Order. The court GRANTS HDR's motion to strike plaintiff's claim for prejudgment interest. The court GRANTS VSL's motion in limine.

So ORDERED.