## A89A1986. FIRST UNION NATIONAL BANK OF GEORGIA v. GORLIN.
### (390 SE2d 923)

CARLEY, Chief Judge.

The facts, insofar as they are relevant to this appeal, are as follows: Appellee-plaintiff Steve Gorlin filed an action for fraud against appellant-defendant First Union National Bank of Georgia (Bank) and the Bank counterclaimed against Gorlin on a promissory note. The case was tried before a jury and cross-appeals were taken from the judgment that was entered by the trial court on the jury's verdicts. In its appeal, the Bank enumerated error only as to the judgment in Gorlin's main action for fraud. In *Gorlin v. Halpern,* 184 Ga. App. 10 (360 SE2d 729) (1987), this court found no merit in the Bank's appeal and affirmed. On certiorari, however, the Supreme Court reversed, holding that the trial court had erroneously denied the Bank's motion for a directed verdict. *Burgess v. Gorlin,* 258 Ga. 127 (365 SE2d 405) (1988). Accordingly, this court vacated its judgment of affirmance and, pursuant to the judgment of the Supreme Court, reversed the trial court's denial of the Bank's motion for a directed verdict. *Gorlin v. Halpern,* 187 Ga. App. 413 (371 SE2d 179) (1988). After this court's remittitur had been filed in the trial court, a "new" judgment was entered in favor of the Bank on Gorlin's main action for fraud but the trial court found that its original judgment on the Bank's counterclaim against Gorlin on the promissory note remained in full force and effect. The Bank appeals from this "new" judgment of the trial court.

1. Gorlin's motion to dismiss the Bank's appeal is denied. The "new" judgment of the trial court, entered after the remittitur of this court had been filed, is an appealable judgment. See generally *Stafford Enterprises v. American Cyanamid Co.,* 164 Ga. App. 646 (297 SE2d 307) (1982).

2. The trial court's original judgment on the Bank's counterclaim against Gorlin on the promissory note was totally unaffected by the prior appeal in this case. The issues that were raised and addressed in the prior appeal related only to the judgment entered on Gorlin's main action against the Bank and not the judgment entered on the Bank's counterclaim against Gorlin. Although the Bank now urges that the verdict returned by the jury on the counterclaim was errone-

ous, "it was incumbent on [the Bank] to have it struck either at the trial of the case or on appeal." *Lyons Mfg. Co. v. Wembley Indus.*, 253 Ga. 39, 40-41 (315 SE2d 906) (1984). The Bank did neither. Accordingly, the trial court did not err insofar as it found that its original judgment on the Bank's counterclaim remains in full force and effect and that no "new" judgment on the Bank's counterclaim would be authorized. The law provides for methods by which a judgment may be attacked in the trial court. See, e.g., OCGA § 9-11-60. However, the Bank has not attempted to pursue such an approved method of attack as against the judgment on its counterclaim. The Bank's mere objection to the trial court's post-appeal refusal to find that the original judgment entered on the counterclaim had in some way been affected by the prior appeal is without merit.

3. The trial court's failure to enter an "unconditional" judgment in favor of the Bank on its counterclaim is enumerated as error. The Bank's contention is that it is entitled to have such an "unconditional" judgment entered because it has satisfied the condition that was imposed upon it by the original judgment.

Whether the provisions of a judgment have been satisfied is obviously an entirely separate and distinct consideration from the issue of what provisions should be incorporated into a judgment. The trial court's original judgment, which was entered on the Bank's counterclaim, correctly followed the uncontested substantive provisions of the verdict that was returned by the jury as to that counterclaim. See OCGA §§ 9-12-7; 9-12-9. The law provides for methods by which the issue of the satisfaction of a judgment may be resolved. See, e.g., *Lyons Mfg. Co. v. Wembley Indus.*, supra. However, the Bank has not attempted to pursue such an approved method of resolution as to the issue of the satisfaction of the judgment on the Bank's counterclaim. There is no viable basis for the assertion that the trial court erred in its post-appeal refusal to enter a "new" judgment on the counterclaim which would *not* follow the substantive provisions of the verdict that was returned by the jury on that counterclaim.

*Judgment affirmed. McMurray, P. J., and Beasley, J., concur.*

DECIDED FEBRUARY 20, 1990.

*Meals, Kirwan, Goger, Winter & Parks, Larry H. Chesin*, for appellant.

*Jones, Brown & Brennan, Taylor W. Jones, Rickman P. Brown, Lisa R. Fields*, for appellee.